Jesse **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–91–00905–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 21, 1992.

Discretionary Review Refused
Sept. 30, 1992.

---

Joe W. Varala, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.-03(a)(2). He was convicted and the jury assessed punishment, enhanced under TEX.PENAL·CODE ANN. § 12.42(d), at imprisonment for seventy-five years. Appellant raises five points of error. We affirm in part and reverse and remand in part.

On April 28, 1991, at about 2:00 p.m., Vivian Medard, a security officer for "Home Depot," observed appellant place a potted plant in a store shopping cart and then, without paying for the plant, exit the store while pushing the cart. The shopping cart was later found to contain, in addition to the plant, a chainsaw, power painter, and saw blades. Appellant did not pay for any of these items. Medard followed appellant outside the store. She tapped appellant on the shoulder, identified herself, and showed him her badge. Appellant pushed Medard and took a swing at her before he ran away leaving behind the shopping cart. As Medard gave chase, she was joined by two other Home Depot employees, Joseph Bloom and Aaron Milburn. During his flight, appellant jumped on top of a car, took off his shoes, and threw them at Bloom and Milburn. He then pulled out a knife and jumped from the car. As appellant jumped, he slipped and dropped the knife. Bloom attempted to grab the knife but appellant grabbed it first and swung it at Bloom, cutting him on the hand. Bloom and Milburn eventually wrestled appellant to the ground, where he was handcuffed and detained until police arrived. The police arrested appellant and seized the knife.

■ In his first and second points of error, appellant contends that the trial court erred by allowing into evidence for purposes of enhancement a prior conviction that was not proven to be final.

■ Appellant pled "not true" to the two enhancements included in the indictment. The jury found both enhancements to be "true." The first enhancement alleged that "... on April 10, 1986, in Cause No. 436046, in the 339th District Court of Harris County, Texas, the Defendant was convicted of the felony of robbery." The pen packet, i.e., State's Exhibit 6, contains the judgment in cause number 436046.

That judgment states that a notice of appeal was given but does not show that a mandate of affirmance was issued. A conviction from which an appeal has been taken is not considered to be final until the conviction is affirmed and the court's mandate of affirmance becomes final. *Russell v. State*, 790 S.W.2d 655, 657 (Tex.Crim. App.1990) (citing *Jones v. State*, 711 S.W.2d 634, 636 (Tex.Crim.App.1986)). The burden is on the State to make a prima facie showing that any prior conviction used for enhancement became final before the commission of the primary offense. *Id.* (citing *Jones*, 711 S.W.2d at 635). Since the State failed to meet its burden to prove the enhancing conviction's finality, the proper remedy is reversal and remand. *Id.* (citing *Jones*, 711 S.W.2d at 636); *Tucker v. State*, 811 S.W.2d 694, 696 (Tex.App.—Houston [1st Dist.] 1991, no pet.); TEX.CODE CRIM. PROC.ANN. art. 44.29(b). We sustain appellant's first and second points of error.

■ In his third point of error, appellant contends that the trial court erred in admitting into evidence three pen packets, i.e., State's Exhibits 4, 5, and 6, because they violated the "best evidence rule." TEX. R.CRIM.EVID. 1001–1008. Appellant contends that the pen packets contained copies of copies rather that copies of originals and, therefore, were relevant only to identify appellant as the individual shown to be convicted in the certified copies of the originals. This contention is without merit.

TEX.R.CRIM.EVID. 1005 provides that a copy of a public record will be admissible in place of the original where the copy is certified in accordance with Rule 902. *Reed v. State*, 811 S.W.2d 582, 585, n. 11 (Tex.Crim.App.1991) (opinion on State's motion for rehearing). Rule 902(4) provides that "a copy of an official record ... certified by the custodian ... by certificate complying with paragraph (1), (2) or (3) of this rule" is self authenticating. TEX. R.CRIM.EVID. 902(4). Paragraph (2) of Rule 902 provides that a document certified in accordance with paragraph (4), but not under seal, will be self-authenticating if a public officer having a seal certifies that "the signer has official capacity and that

the signature is genuine." *Reed*, 811 S.W.2d at 585; TEX.R.CRIM.EVID. 902(4). Here, the copies of the photographs, fingerprints, and commitments, including judgments and sentences, contained in the pen packets are certified as copies of the originals by the record clerk of the Texas Department of Criminal Justice, Institutional Division (TDCJID) and his certification is attested by the presiding judge of the county court in Walker County where the TDCJID is located. The judge certified under seal that the record clerk of TDCJID is the legal custodian of the records and that the clerk's signature is genuine. The judge's certificate is further attested by the county clerk's certification that the judge is authorized by law to execute the certificate. The pen packets were properly certified and admitted into evidence. *See Reed*, 811 S.W.2d at 855–56; TEX.R.CRIM. EVID. 1005, 902; *see also Gutierrez v. State*, 745 S.W.2d 529, 530 (Tex.App.—Corpus Christi 1988, pet. ref'd) (holding that best evidence of contents of judicial act or proceeding is record or certified copy and that parole officer's testimony identifying appellant as former parolee who reported to him under certified copy of judgment and probation commitment order introduced by State without photograph or fingerprint, did not violate best evidence rule). We overrule appellant's third point of error.

■ In his fourth and fifth points of error, appellant complains of improper jury argument by the prosecutor. Appellant complains of the following argument:

Now Mr. Varela has tried what is usually done by the defense lawyer. *We call them bunny trials, rabbit trails.* They want to get you off on—(Emphasis added).

This argument was in response to the following argument by defense counsel:

This is not like the examples of aggravated robbery that we can all agree on, this aggravated robbery that I just talked about. The theft—essentially the theft was completed at the time that this

Home Depot officer, Ms. Medard, showed her badge.

\* \* \* \* \* \*

The subsequent events were divorced from the—from the events that gave rise to them. They were divorced from the theft or attempt to commit theft as the State's evidence brought out.

\* \* \* \* \* \*

I want you to focus on whether you think that the subsequent events were in the course of committing theft after an attempt to commit theft or a commission of theft. And it's our position that they weren't. It's our position that the events were completely divorced.

\* \* \* \* \* \*

Can you find him guilty of all those elements beyond a reasonable doubt? it's our position you can't because it wasn't in the immediate flight. It was shoplifting, and then it was something else. But it doesn't all aggregate to aggravated robbery because there was— a distance. There was a separation between the two events.

■ The scope of proper jury argument is (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of counsel and (4) plea for law enforcement. *Whiting v. State,* 797 S.W.2d 45, 47 (Tex.Crim.App. 1990).

Appellant asserts that defense counsel merely argued that the State failed to carry its burden with respect to the element of immediate flight and asked the jury to apply the law to the facts in a manner favorable to appellant. While that may be true, defense counsel also argued that the theft or "shoplifting" was complete before the flight and exhibition of the knife and, thus, constituted separate offenses. The prosecutor argued to the jury that they should follow the law and not be led astray by defense counsel's argument. *See* TEX.PENAL CODE ANN. § 29.01(1). The prosecutor's comments were plainly in response to defense counsel's remarks. In fact, in overruling defense counsel's objection, the trial court specifically noted that the prosecutor was answering defense counsel's argument. *See Banks v. State,* 643 S.W.2d 129, 134 (Tex.Crim.App.1982), *cert. denied,* 464 U.S. 904, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983) (prosecutor's reference to "rabbit trails" and "all those smoke screens that [defense counsel] wants you to hide behind and chase down" not considered improper).

■ Appellant also complains of the following argument:

Well, you see, I don't have to prove whether Joseph got a cut finger or not because that's absolutely immaterial. I mean, a mere display of this thing, this deadly weapon right here made it an aggravated robbery. But if you still got any questions, you know that one of these four guys got cut by him. *What would have been the difference if [appellant] was two steps closer when he slashed*—(Emphasis added).

■ Appellant contends that the prosecutor's last statement was improper because it caused the jury to speculate on what might have happened. Such argument is not improper. The prosecutor simply asked the jury to consider the circumstances around the crime. *See Gonzales v. State,* 807 S.W.2d 830, 836 (Tex.App.— Houston [1st Dist.] 1991, pet.ref'd) (prosecutor's argument to jury to consider what would have happened if grandmother and aunt of deceased had arrived at murder scene five minutes earlier held permissible). That appellant's swinging of the knife could have caused further injury, was as the trial court observed, a reasonable deduction from the evidence. *See Hudson v. State,* 675 S.W.2d 507, 511 (Tex.Crim.App. 1984) (in criminal mischief case, prosecutor's argument that "if the police had not responded within five minutes, [defendant] would have watched the house to see what happened and would have gone back" and that "this is not a simple cutting the telephone wire type case ... this man had in mind different things for [the complainants] ..." held a reasonable deduction from evidence). Even if the arguments complained of by appellant were improper, any error was harmless because the prose-

cutor made similar arguments without objection by defense counsel. *See Womble v. State*, 618 S.W.2d 59, 63 (Tex.Crim.App. [Panel Op.] 1981); TEX.R.APP.P. 52(a), 81(b)(2). We overrule appellant's fourth and fifth points of error. Accordingly, we affirm the trial court's judgment of conviction and reverse and remand for a hearing on punishment.