Roosevelt BEASLEY, Appellant,

v.

The STATE of Texas, State.

No. 2–92–236–CR.

Court of Appeals of Texas, Fort Worth.

Nov. 10, 1993.

---

David L. Richards, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Anne E. Swenson, Terri Moore, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Before HILL, C.J., and WEAVER and DAY, JJ.

## OPINION

HILL, Chief Justice.

Roosevelt Beasley was convicted by a jury of the offense of murder. The jury assessed his punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000. Beasley urges in five points of error that the

trial court erred: (1) in permitting the State to introduce irrelevant and prejudicial testimony concerning extraneous offenses committed by the Crips gang; (2) in overruling defense counsel's objection to an instance of improper jury argument by the prosecutor; (3) in failing to grant defense counsel's motion for mistrial where a State's witness injected irrelevant and inflammatory testimony, that Beasley dressed like a drug dealer, into the guilt-innocence stage of the trial; and (4) in failing to grant defense counsel's motion for mistrial where a State's witness injected irrelevant and inflammatory testimony, that Beasley dressed in "gang colors," into the guilt-innocence stage of the trial.

We affirm because: (1) evidence that Beasley was a member of a street gang dedicated to violence and other criminal activity is admissible at the punishment phase of the trial; (2) Beasley waived error as to the improper jury argument of which he complains, the argument was a proper response to argument by the defense, and we hold beyond a reasonable doubt that the argument, even if improper, did not contribute to Beasley's guilt or to the punishment that he was assessed; and (3) the trial court's instruction to disregard the testimony of which Beasley complains was sufficient to cure any error.

■ Beasley contends in points of error numbers one and two that the trial court erred in admitting into evidence, at the punishment stage of the trial, testimony concerning extraneous offenses committed by Crips gang members, especially in view of the fact there was no showing that Beasley had knowledge of or had participated in those offenses.

The victim entered into a drug transaction with Beasley because of Beasley's clothing which he observed while they were eating at separate tables in an Arlington restaurant. Those at Beasley's table were wearing jeans and Raiders and Lakers paraphernalia, with blue-colored rags or bandannas hanging out of their pockets. Through other witnesses it was established that Crips is a street gang, and that the gang members identify themselves by their distinctive dress. One witness outlined the dress as blue garb, including blue pants or shirts, or Raiders logos in combination with other blue garb. The witness also mentioned the blue handkerchief or bandanna worn by gang members in their pockets or on their heads. The witness stated that he had observed Beasley wearing such clothing and hanging out with known members of the Crips gang.

A witness testified that the Crips gang has an allegiance for a common goal, and that they engage in violent and criminal activity. He said their purpose is to further a cause, and their cause is violence and criminal activity such as drug trafficking, robberies, and witness intimidation.

After luring his victims to a remote area, observing their money, and showing them what he purported to be a controlled substance, Beasley shot and killed the victim and seriously wounded the victim's companion.

Section 3 of article 37.07 of the Texas Code of Criminal Procedure provides that at the punishment hearing evidence may, as permitted by the Rules of Evidence, be offered by the State and the defendant as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation, and his character. In interpreting this section, the Texas Court of Criminal Appeals has held that evidence is not admissible at the punishment stage unless it is permitted by the Rules of Evidence and, if the evidence sought to be admitted is evidence of an extraneous offense, it satisfies the definition in article 37.-07, section 3(a) of "prior criminal record." *See Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex.Crim.App.1992). The court has also held that evidence other than prior criminal record, general reputation, and character is admissible. *Id.* at 524. Additionally, the court has held that family background, religious affiliation, employment history, and the like are appropriate considerations in assessment of punishment. *Id.* at 524 n. 7; *Murphy v. State,* 777 S.W.2d 44, 64 (Tex.Crim. App.1988) (opinion on reh'g).

The purpose of the evidence presented is to show Beasley's affiliation with a group, the Crips gang, which is dedicated to crime and violence. It seems reasonable that if evidence of Beasley's religious affiliation is an

appropriate consideration in determining his punishment, then his affiliation with a gang dedicated to crime and violence is also an appropriate consideration. We therefore hold that the trial court did not err in allowing evidence of Beasley's affiliation with the Crips gang or evidence of the gang's dedication to crime and violence.

■ Beasley argues that the evidence is inadmissible because it is an extraneous offense. We first note that the witness in question had twice testified that the Crips' purpose was violence and criminal activity before Beasley interposed any objection on the basis that the testimony constituted an extraneous offense. Because Beasley's extraneous offense objection was untimely, it presents nothing for review. *See Hollins v. State,* 805 S.W.2d 475, 476 (Tex.Crim.App. 1991).

■ Additionally, we note that the testimony did not go to an extraneous offense, but was only the opinion of the witness as to the general nature and character of the gang. As we have noted, the general character of Beasley's street gang affiliation, as opposed to any specific offense committed by the gang, is admissible at the punishment stage.

■ Beasley also argues that there was no showing that he was a member of the Crips or that he participated in any of the extraneous conduct attributed to the Crips. We hold that a rational jury could determine beyond a reasonable doubt, from the evidence that we have outlined, that Beasley was a member of the Crips gang. As to Beasley's contention that there is no showing that he participated in the conduct attributed to the Crips, we note that at the time this evidence was introduced, Beasley stood convicted of murdering someone in what was, at best, a purported drug deal. Although other types of offenses, such as witness intimidation, were shown, we hold that it is not necessary to tie Beasley to each and every type of crime that might be committed by the group. The purpose of the evidence is to show the general nature of the group with which Beasley has chosen to affiliate.

Beasley relies extensively on *Grunsfeld,* 843 S.W.2d 521, and *Urbano v. State,* 837 S.W.2d 114 (Tex.Crim.App.1992). In *Grunsfeld,* the Texas Court of Criminal Appeals held that the State could not introduce evidence of unadjudicated extraneous offenses committed by the accused at the punishment stage of the trial. *Grunsfeld,* 843 S.W.2d at 526. As we have noted, the State did not in this case seek to introduce evidence of specific unadjudicated offenses committed either by Beasley or by the Crips gang. Rather, the State introduced evidence of the general character of the Crips so as to show the nature of organization with which Beasley had chosen to affiliate. As we have noted, evidence of such affiliations is admissible.

We also find *Urbano* to be distinguishable. Urbano was convicted of the capital offense of murder for remuneration. *Urbano,* 837 S.W.2d at 115. At trial evidence was presented showing that he was a member of a prison gang that was involved in regular activities such as murdering objectionable inmates and smuggling drugs into the prison system. *Id.* at 116. The State sought to prove that Urbano murdered an inmate in order to achieve a higher rank in the gang, according to gang rules, and thereby receive a greater share of whatever drugs, money, or goods were brought into prison by the gang. *Id.* The Texas Court of Criminal Appeals reversed his conviction, holding that the State did not present evidence showing beyond a reasonable doubt that Urbano, who did receive a higher rank in the gang after the murder, was aware of the gang rule to the effect that the murder was worth an advance in rank. *Id.* at 117. The case did not in any way involve the question as to whether evidence of the activities of the gang were admissible at the punishment stage of Urbano's trial for the purpose of showing the nature of his affiliations. We overrule points of error numbers one and two.

■ Beasley complains in point of error number three that the trial court erred in overruling his objection to an instance of improper jury argument by the prosecutor. The prosecutor, after arguing that what the victims did was wrong, stated that "[w]hat they did was wrong, but you can see through the clouds of the smoke screen by a very clever Defense attorney." The trial court

overruled Beasley's objection that the State was striking through defense counsel.

Prior to making the argument in question, the State had extensively argued, without objection, that the jury had heard magic, mirrors, and smoke screens from defense counsel, in order to divert the jury's attention from Beasley's actions. Consequently, there was no reversible error. *See McFarland v. State*, 845 S.W.2d 824, 840 (Tex.Crim. App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993); *see also Smith v. State*, 842 S.W.2d 401, 406 (Tex. App.—Fort Worth 1992, pet. ref'd).

We also note that the argument was made in response to argument by defense counsel that sought to place emphasis on the character of the victims rather than the acts of the defendant. Consequently, the State's argument was a proper response to argument of defense counsel. *See Gorman v. State*, 480 S.W.2d 188, 190–91 (Tex.Crim.App. 1972).

Even if the argument was improper, considering the entire record, and considering the factors outlined in *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989), we hold beyond a reasonable doubt that the argument of which Beasley complains did not contribute either to his conviction or to the punishment assessed. We overrule point of error number three.

Beasley insists in points of error numbers four and five that the trial court erred in failing to grant his motion for mistrial where a State's witness injected irrelevant and inflammatory testimony into the guilt-innocence phase of the trial to the effect that he, Beasley, dressed like a drug dealer or dressed in gang colors.

One witness testified that the clothing Beasley was wearing when his victim first noticed him in the restaurant drew the witness's attention because people that wear the colors Beasley was wearing are drug dealers. Another witness testified that he attached significance to the manner of dress because it "has significance pertaining to gang activity." In both cases, the trial court sustained objection to the evidence and instructed the jury to disregard it. We hold that the court's

instruction was sufficient to cure any error. *See Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim.App.1984). We overrule points of error numbers four and five.

The judgment is affirmed.