Brown-D v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-039-CR

     DAVID BROWN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-149-C
                                                                                                    

O P I N I O N
                                                                                                    

      David Brown appeals from a conviction in which the jury found him guilty of aggravated
robbery and sentenced him to thirty-one years' imprisonment. Tex. Penal Code Ann. § 29.03
(Vernon 1994). 
      He brings two points on appeal, both complaining of alleged errors during final argument
which, he claims, egregiously harmed him. In his first point of error, Brown asserts that "the
prosecutor erred" in "striking at Brown over the shoulders of his counsel." In his second point,
he complains that "the prosecutor erred" in injecting his personal opinion into his argument to
bolster the credibility of the victim's testimony. Brown's trial attorney did not object to any of
the statements of which Brown's appellate counsel now complains.
      Generally, to complain of impermissible jury argument on appeal, one must preserve the
complaint by objecting and obtaining a ruling. Tex. R. App. P. 52(a); Willis v. State, 785 S.W.2d
378, 385 (Tex. Crim. App. 1989); and see Marin v. State, 851 S.W.2d 275, 279-80 (Tex. Crim.
App. 1993). However, if the argument is so egregious that no instruction to disregard could
possibly cure it, then no objection at trial is necessary to complain on appeal. Willis, 785 S.W.2d
at 385. Brown asserts that the prosecutor's statements in his jury argument were so egregious that
his failure to object is excused.


 We will affirm.
      The purpose of closing argument is to facilitate the jury in properly analyzing the evidence
presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence
alone and not on any fact not admitted into evidence. Campbell v. State, 610 S.W.2d 754, 756
(Tex. Crim. App. 1980). The parameters of proper jury argument are well established: (1)
summary of the evidence; (2) reasonable deductions from the evidence; (3) response to argument
of opposing counsel; and (4) plea for law enforcement. Borjan v. State, 787 S.W.2d 53, 55 (Tex.
Crim. App. 1990).
      These are the prosecutor's three statements of which Brown complains:
      (1)  "Mr. Hand [the defense attorney] said he wasn't trying to mislead you, but I am going
to take issue with him on that."
      (2)  "That is smoke. That is all it is, its smoke, Mr. Hand is trying to distract you." 
      (3)  "I am telling you this, one thing [the victim] learned over those 78 feet that he took
stepping backwards, one thing he learned on that trip is the face of the man who was
pointing a gun at him. He learned the face of the man who shot him. I guarantee you
that."
      Brown's trial attorney stated at least four times during his argument that he was not trying to
mislead the jury. The prosecutor is allowed to respond to those statements. Id. The prosecutor's
first and second statements were in response to statements in Brown's argument about
investigations the police could have done, the possibility of other suspects, as well as other
collateral issues. Apparently, the prosecutor was merely attempting to focus the jury's attention
on the question of Brown's guilt or innocence and not upon the collateral issues brought up by the
defense: "We don't have to prove what gun he shot him with. We don't have to prove what kind
of clothes he was wearing that day. All we have to do is prove who did it, and folks, we have
done that." 
      "Debunking" the defense's theory of the case is not only the prosecutor's prerogative, but also
his job. Clarke v. State, 785 S.W.2d 860, 871 (Tex. App.—Fort Worth 1990), aff'd, 811 S.W.2d
99 (Tex. Crim. App. 1991). The line between discrediting the defense theory and character
assassination or implying unethical conduct is drawn based on the tone and contents of the remark. 
Id. In Gonzales, the following argument was held to be a proper response to defense counsel's
argument: "Now Mr. Varela has tried what is usually done by the defense attorney. We call them
bunny trails, rabbit trails. They want to get you off—" Gonzales v. State, 831 S.W.2d 491, 493
(Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). And, "What [the victims] did was wrong,
but you can see through the clouds of the smoke screen by a very clever defense attorney" was
also held to be a proper response to the argument of the defense. Beasley v. State, 864 S.W.2d
808, 811 (Tex. App.—Fort Worth 1993), aff'd, 902 S.W.2d 452 (Tex. Crim. App. 1995).
       If the statements in Gonzales and Beasley are not improper, then neither can be the first two
statements of the prosecutor in this case. They do not, as Brown argues, imply that Brown's trial
attorney fabricated evidence or conducted himself in an unethical manner. These statements are
not an attack on defense counsel, but on the propositions of his argument and are in response to
the argument. Gonzales, 831 S.W.2d at 494. Point one is overruled.
      The third statement, Brown contends, improperly injects the prosecutor's opinion into his
argument to bolster the credibility of the victim's testimony. Arguing the evidence and reasonable
deductions from the evidence is permissible in final argument. Borjan, 787 S.W.2d at 55. A
reasonable deduction from the victim's testimony—that he was confronted in an alleyway in broad
daylight by a man with a gun, and walked backwards for 78 feet with a gun pointed at his face,
close enough to the attacker that at one point he reached and attempted to grab the gun—is that the
victim inevitably got a very good look at the face of the man who shot him and could correctly
identify him. 
      The prosecutor did not argue, as did the prosecutor in Robillard v. State, that the "[District
Attorney] is not going to put evidence before the jury that he himself does not believe is true." 
Robillard v. State, 641 S.W.2d 910, 911 (Tex. Crim. App. 1982). Nor did he argue that "I want
you to know that I sincerely believe the victim. . . I do believe her, and I hope you do too," as was
done in Vasquez. Vasquez v. State, 819 S.W.2d 932, 936 (Tex. App.—Corpus Christi 1991, pet.
ref'd). The prosecutor's statements here are not directed at affirming any statements of the victim,
but rather, are directed at drawing a reasonable deduction from the evidence. The third statement
is not improper argument, and Brown's second point is overruled. 
      The judgment is affirmed.  
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 10, 1996
Do not publish