TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00417-CR







Valdomero Herrera Coy, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0965189, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Appellant Valdomero Herrera Coy was convicted on two counts of aggravated robbery. 
See Tex. Penal Code Ann. § 29.03(a)(2) (West 1994). The jury assessed appellant's punishment,
enhanced by a prior felony conviction, at imprisonment for sixty-five years and a fine of $5,000 on each
count. Appellant appeals, complaining of the admission of evidence that he asserts was inadmissible and
of the prosecutor's jury argument. We will affirm the trial court's judgment.

 In his first point of error, appellant urges that the trial court erred in admitting in evidence
"the entire tape recording of the 911 call." Appellant was convicted of aggravated robbery of Robert
Longoria and his wife Amy. Robert and Amy had been acquainted with appellant for several years. 
Robert and appellant had been affiliated with a group called the Latin Kings. On October 18, 1996,
appellant and Joe Moreno came to Longoria's house; they were admitted for appellant to use the restroom. 
When appellant returned from the restroom to the Longoria's living room, appellant and Moreno exhibited
firearms. Appellant demanded Robert's money and the keys to his "customized" car. Appellant took
money from Robert's pocket. Moreno took money from a purse on the table. The money in the purse
belonged to Amy's mother, Mary Torres. Moreno made Robert open a safe that was in the bedroom
where Longoria's young children were sleeping. When Amy protested, appellant placed a pistol to her
head and threatened to take her life.

 Dulce Valenzuela, Amy's seventeen-year-old sister was in the living room when appellant
and Moreno exhibited their weapons. Dulce became frightened and upset. Amy, with appellant's
permission, pushed Dulce and told her to go to their mother's room. Mary Torres had been sleeping but
was awakened by the disturbance. Mary came to the bedroom from which she could see a part of the
living room. She saw appellant with a gun in his hand. Appellant apparently did not see Mary. Robert
motioned for Mary to stay in her room. Mary had a telephone in her bedroom with which she placed a
911 call to report the robbery. Because Mary did not have a full view of the living room, she did not see
Moreno. When Dulce came to her mother's bedroom, she stayed in a position where she could see what
was going on in the living room. Both Mary and Dulce were frightened, upset and crying. Dulce told her
mother what was happening in the living room. Mary repeated what Dulce told her to the 911 operator.

 The authenticated recording of the 911 call was admitted in evidence over appellant's
objections. The State argued at trial and argues on appeal that the tape recording was admissible under
exceptions to the hearsay rule. "Hearsay is not admissible except as provided by statute or these rules or
by other rules prescribed pursuant to statutory authority." Tex. R. Evid. 802.

 The rules of evidence provide that a statement describing or explaining an event or
condition made while the declarant was perceiving the event or condition, or immediately thereafter, is not
excluded by the hearsay rule even though the declarant is available as a witness. See Tex. R. Evid. 802(1);
Rabbani v. State, 847 S.W.2d 555, 559-60 (Tex. Crim. App. 1992); Green v. State, 876 S.W.2d 226,
227-28 (Tex. App.--Beaumont 1994, no pet.); Kubin v. State, 868 S.W.2d 394, 396-97 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd); Franklin v. State, 858 S.W.2d 537, 543-44 (Tex.
App.--Beaumont 1993, pet. ref'd). In addition, a statement relating to a startling event or condition made
while the declarant was under stress of excitement caused by the event or condition is not excluded by the
hearsay rule even though the declarant is available as a witness. See Tex. R. Evid. 803(2); Lawton v.
State, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995); Penry v. State, 903 S.W.2d 715, 750-51 (Tex.
Crim. App. 1995); Jones v. State, 843 S.W.2d 92, 98 (Tex. App.--Dallas 1992, pet. ref'd). 
Furthermore, "hearsay included within hearsay is not excluded under the hearsay rule if each part of the
combined statements conforms with an exception to the hearsay rule provided in these rules." Tex. R. Evid.
805; see Green v. State, 839 S.W.2d 935, 942 (Tex. App.--Waco 1992, pet. ref'd).

 In tandem, these rules of evidence provided the trial court authority to admit in evidence
the entire 911 call recording. The evidence shows that both Mary and Dulce were frightened, crying, and
excited. They were in the grips of emotion caused by the robbery that was taking place. A part of the 911
call was a present sense impression gained by Mary and a part was the present sense impressed gained
by Dulce. The present sense impression gained by Dulce resulted in her excited utterances made to Mary
and Mary's excited utterances were made to the 911 operator. Exceptions to the hearsay rule allowed
the admission of the 911 call recording.

 Moreover, appellant admits on appeal that the part of the tape in which Mary related her
present sense impression was admissible. The trial objections did not clearly separate the claimed
inadmissible evidence from the part that was admissible. When the trial court admits evidence, a part of
which is inadmissible and a part of which is admissible, the party whom the ruling is against must separate
the inadmissible evidence from the admissible evidence in order to preserve the claimed error on appeal. 
See Sonnier v. State, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995); Jones v. State, 843 S.W.2d 487,
492 (Tex. Crim. App. 1992); Brown v. State, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985);
Hernandez v. State, 599 S.W.2d 614, 617 (Tex. Crim. App. 1980).

 A trial court's ruling admitting evidence as an exception to the hearsay rule is to be
reviewed under the abuse of discretion standard. See Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim.
App. 1994). We hold that the trial court did not abuse its discretion in admitting the entire 911 call
recording under the exceptions to the hearsay rule. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the "trial court erred in failing to sustain
appellant's objection to the prosecutor shifting the burden of proof when he chided appellant for not
presenting a defense." At the guilt-innocence phase of the trial, after discussing appellant's lack of defense,
the prosecutor argued: "The defendant's defense makes no sense. There are some missing witnesses the
defense didn't call." Defense counsel interjected: "I am going to object to this last line of argument. . . .
it is contrary to the court's charge. It implies that the defense has any burden of producing any evidence
whatever." The trial court without request then admonished the jury: "Members of the jury, the defense
does not have the burden of proof. The presumption of innocence alone is sufficient to acquit." The trial
court overruled appellant's objection. The prosecutor continued to argue without objection:


[Defense Counsel] is correct that the State has the burden of proof. We have got to prove
the case beyond a reasonable doubt. They have no burden of proof, but you should also
know they can subpoena whoever they want to come to court just like the State can. They
could have called the neighbors of the Longorias to come in here and say there weren't any
shots fired on October 18, 1996. They could have called Jesse Garza and Chris Romero. 
Remember, Robert Longoria told you those were the two guys that were with Valdomero
Coy two to three weeks before October 18th. They came over and had this discussion
about the Mexican Mafia and the Latin Kings and the Texas Syndicate. They could have
called them to come in here and say what that discussion was about, but they didn't. They
are obviously his friends, but they didn't call them. You can consider that.



 On appeal appellant has worded his point of error so that it is consistent with his trial
objection. However, appellant's only argument under this point of error is that the prosecutor's argument
was a constitutionally prohibited comment on appellant's failure to testify. It is doubtful that the trial
objection was sufficient to raise the issue argued; nevertheless, we will consider and discuss appellant's
contention. A prosecutor cannot comment on the lack of evidence a defendant presented where that
comment necessarily refers to the defendant's failure to testify, but language that can reasonably be
construed as a failure to present evidence other than the defendant's testimony is not a comment on the
defendant's failure to testify. See Wolfe v. State, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996); Staley
v. State, 887 S.W.2d 885, 895-96 (Tex. Crim. App. 1994).

 The prosecutor's argument concerned appellant's failure to offer the testimony of Jesse
Garza, Chris Romero and the Longoria's neighbors. The prosecutor's argument was not a comment on
appellant's failure to testify. Neither did the prosecutor's argument improperly shift the burden of proof
to appellant. Appellant's second point of error is overruled.

 In this third point of error, appellant insists that the trial court erred in overruling his
objection to the unsworn testimony of the prosecutor. At the punishment phase of trial, the prosecutor in
his jury argument posed two hypothetical situations in which appellant seeking revenge against the
complainants could have placed other members of society in danger. Appellant objected on grounds that
the argument was speculative and not based on the evidence. The prosecutor stated his argument was
phrased as hypothetical situations not facts that actually happened. The trial court agreed with the
prosecutor and did not rule on appellant's objection. Appellant failed to obtain a ruling from the trial court
on appellant's objection. Because appellant did not obtain an adverse ruling from the trial court, his
complaint was not preserved for appellate review. See Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim.
App. 1993); Cooks v. State, 844 S.W.2d 697, 727-28 (Tex. Crim. App. 1992); Harris v. State, 784
S.W.2d 5, 19 (Tex. Crim. App. 1989).

 Furthermore, it appears that the prosecutor's argument was a legitimate deduction from
the evidence. Evidence at the punishment phase of trial showed several prior instances of appellant's
dangerous criminal conduct. He had hindered police in their apprehension of a heroin dealer; he had ridden
a city bus with a shotgun tucked in his pants; he had fired six shots at a man and his girlfriend as they were
standing in the man's driveway; he had challenged a police officer to a fist fight while being arrested for
assaulting a female person; he and Moreno had fired shots while running away from Longoria's house after
the robbery in this case. Similar hypothetical arguments have been approved. See Hudson v. State, 675
S.W.2d 507, 511 (Tex. Crim. App. 1984); Gonzales v. State, 831 S.W.2d 491, 494 (Tex.
App.--Houston [14th Dist.] 1992, pet. ref'd); Gonzales v. State, 807 S.W.2d 830, 836 (Tex.
App.--Houston [1st Dist.] 1991, pet. ref'd). The prosecutor assembled for argument reasonable
deductions from the evidence and presented them in the context of two hypothetical situations. Appellant's
third point of error is overruled.

 The judgment is affirmed



 

 Carl E. F. Dally, Justice

Before Chief Justice Yeakel, Justices Aboussie and Dally*

Affirmed

Filed: August 13, 1998

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



R2">

 On appeal appellant has worded his point of error so that it is consistent with his trial
objection. However, appellant's only argument under this point of error is that the prosecutor's argument
was a constitutionally prohibited comment on appellant's failure to testify. It is doubtful that the trial
objection was sufficient to raise the issue argued; nevertheless, we will consider and discuss appellant's
contention. A prosecutor cannot comment on the lack of evidence a defendant presented where that
comment necessarily refers to the defendant's failure to testify, but language that can reasonably be
construed as a failure to present evidence other than the defendant's testimony is not a comment on the
defendant's failure to testify. See Wolfe v. State, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996); Staley
v. State, 887 S.W.2d 885, 895-96 (Tex. Crim. App. 1994).

 The prosecutor's argument concerned appellant's failure to offer the testimony of Jesse
Garza, Chris Romero and the Longoria's neighbors. The prosecutor's argument was not a comment on
appellant's failure to testify. Neither did the prosecutor's argument improperly shift the burden of proof
to appellant. Appellant's second point of error is overruled.

 In this third point of error, appellant insists that the trial court erred in overruling his
objection to the unsworn testimony of the prosecutor. At the punishment phase of trial, the prosecutor in
his jury argument posed two hypothetical situations in which appellant seeking revenge against the
complainants could have placed other members of society in danger. Appellant objected on grounds that
the argument was speculative and not based on the evidence. The prosecutor stated his argument was
phrased as hypothetical situations not facts that actually happened. The trial court agreed with the
prosecutor and did not rule on appellant's objection. Appellant failed to obtain a ruling from the trial court
on appellant's objection. Because appellant did not obtain an adverse ruling from the trial court, his
complaint was not preserved for appellate review. See Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim.
App. 1993); Cooks v. State, 844 S.W.2d 697, 727-28 (Tex. Crim. App. 1992); Harris v. State, 784
S.W.2d 5, 19 (Tex. Crim. App. 1989).

 Furthermore, it appears that the prosecutor's argument was a legitimate deduction from
the evidence. Evidence at the punishment phase of trial showed several prior instances of appellant's
dangerous criminal conduct. He had hindered police in their apprehension of a heroin dealer; he had ridden
a city bus with a shotgun tucked in his pants; he had fired six shots at a man and his girlfriend as they were
standing in the man's driveway; he had challenged a police officer to a fist fight while being arrested for
assaulting a female person; he and Moreno had fired shots while running away from Longoria's house after
the robbery in this case. Similar hypothetical arguments have been approved. See Hudson v. State, 675
S.W.2d 507, 511 (Tex. Crim. App. 1984); Gonzales v. State, 831 S.W.2d 491, 494 (Tex.
App.--Houston [14th Dist.] 1992, pet. ref'd); Gonzales v. State, 807 S.W.2d 830, 836 (Tex.
App.--Houston [1st Dist.] 1991, pet. ref'd). The prosecutor assembled for argument reasonable
deductions from the evidence and presented them in the context of two hypothetical situations. Appellant's
third point of error is overruled.

 The judgment is affirmed



 

 Carl E. F. Dally, Justice

Before Chief Justice Yeakel, Justices Aboussie and Dally