Gilbert URBANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 70980.

Court of Criminal Appeals of Texas, En Banc.

June 10, 1992.

Rehearing Denied Sept. 23, 1992.

---

Roy E. Greenwood, court appointed on appeal, Austin, Hal Ridley, on appeal only, Huntsville, for appellant.

B.N. "Tuck" Tucker, Jr., Sp. Prosecution Unit, Huntsville, Robert Huttash, State's Atty., Austin, for State.

## OPINION

CAMPBELL, Judge.

Appellant, Gilbert Urbano, Jr., was found guilty of the capital offense of murder for remuneration or the promise thereof. See Tex.Penal Code § 19.03(a)(3). At the punishment stage of appellant's trial, the jury answered affirmatively the special issues required by Article 37.071(b) of the Texas Code of Criminal Procedure, and appellant was sentenced to death. Direct appeal to this Court was then automatic under Article 37.071(h). We will now reverse.

Appellant raises nine points of error, including one challenging the sufficiency of the evidence at his trial to prove beyond a reasonable doubt remuneration or the promise of remuneration. Because of our disposition of this evidentiary sufficiency point of error, we need not address appellant's other points of error.

Appellant argues there was no evidence at trial either that he received any tangible benefit in exchange for the murder in question or that any person or entity promised him any such benefit. The State contends, on the other hand, that it proved that appellant "kill[ed] with the expectation [of material benefit] required to make this a murder for remuneration."

We must first state the proper standard of appellate review. The due process of law clause of the Fourteenth Amendment requires that every state criminal conviction be supported by evidence that a rational factfinder could accept as sufficient to prove guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); *Coit v. State*, 808 S.W.2d 473, 475 (Tex.Cr.App.1991). As a reviewing court, therefore, we must view all the evidence adduced at trial in the light most favorable to the jury's verdict and determine whether rational jurors could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We do not act as a super-jury re-weighing the evidence; rather, we act only "as a final, due process

safeguard ensuring ... the rationality of the factfinder." *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Cr.App.1988). In carrying out our task, we remain cognizant that "proof beyond a reasonable doubt" means proof to a high degree of certainty. *Geesa v. State,* 820 S.W.2d 154, 162 (Tex. Cr.App.1991). If the evidence at trial raises only a suspicion of guilt, even a strong one, then that evidence is insufficient.

■ Viewed in the necessary light, the evidence at appellant's trial established the following: On July 17, 1988, appellant, who was then an inmate at a state prison in Huntsville, stabbed a fellow inmate to death. Appellant voluntarily killed his victim on behalf of the Texas Syndicate, a prison gang of which appellant was a member and of which he had been a member for at least six months before the killing. Appellant was an "acting lieutenant" before the killing, but after the killing his "rank" increased to lieutenant.

The evidence also established that the Syndicate's regular activities included murdering objectionable inmates, smuggling drugs into the state prison system, and various other activities designed to acquire goods, drugs, and money. Under the rules of the gang, at least some members held rank; murder on behalf of the gang resulted in an increase in rank; and higher rank brought with it a greater share of whatever drugs, money, and goods the gang acquired.

Section 19.03(a)(3) of our penal code provides in relevant part that a person commits a capital offense if he "commits ... murder for remuneration or the promise of remuneration." Appellant does not challenge the sufficiency of the evidence to prove that he murdered his victim, so we need not concern ourselves with that element of the § 19.03(a)(3) offense. Rather, it is appellant's contention that the State failed to prove that he murdered for remuneration or the promise of remuneration.

The penal code does not define "remuneration" or "the promise of remuneration,"

but we have held previously that those terms are not limited to murder-for-hire situations.[1] Rather, those terms "encompass[ ] a broad range of situations, including compensation for loss or suffering and the idea of a reward given or received because of some act." *Beets v. State,* 767 S.W.2d 711, 734 (Tex.Cr.App.1987) (op. on reh'g). Clearly, however, there was no evidence at trial that appellant received any benefit before he killed his victim; thus, it was not proved that he killed *for remuneration.* But was it proved that he killed *for the promise of remuneration?*

We have held before that proof of murder for the promise of remuneration requires a "focus ... on the actor's intent or state of mind: Did the actor kill in the expectation of receiving some benefit or compensation?" Id. at 735. We have also held that "the existence of a 'culpable promisor' is not required." Id. Therefore, when the State seeks to prove that the accused murdered for the promise of remuneration, it "is obligated to offer some evidence of the defendant's intent or state of mind as related to an expectation of [tangible] remuneration." *Rice v. State,* 805 S.W.2d 432, 434 (Tex.Cr.App.1991).

In the instant case, the evidence and reasonable inferences therefrom established that at the time of the offense appellant was a member of a prison gang; that the gang had definite rules regarding murder, promotion in rank, and the consequences of promotion in rank, i.e., increased access to money, drugs, and goods; that appellant murdered on behalf of the gang; and that after the murder he rose in rank. There was no direct evidence, however, that at the time of the killing, appellant was aware of the gang rules in question and that he acted with those rules in mind. Nor was there circumstantial evidence from which the jurors could conclude beyond a reasonable doubt that appellant must have known of the relevant gang rules and committed the murder to receive a benefit from the operation of the rules.

---

1. Appellant does not argue that § 19.03(a)(3) is limited to murder-for-hire situations, and we have no occasion to revisit that question today.

But see Note, *Widening the Net: Murder for Remuneration in Texas—An Examination of Beets v. State,* 17 Am.J.Crim.L. 307 (1990).

Certainly, the evidence raises a strong suspicion that appellant acted with the gang rules in mind, that is, that he murdered with an expectation of tangible benefit. But appellant's intent or state of mind with respect to an expectation of benefit was not proven to a high degree of certainty. Rational jurors could not conclude beyond a reasonable doubt simply from appellant's membership in the gang that he was aware of all the gang's rules.

The State argues in the alternative that even if the evidence at trial was insufficient to prove remuneration or the promise of remuneration, then it was still sufficient to prove the lesser included offense of murder and that this Court should simply reform the judgment of conviction accordingly. However, "this Court does not have the authority to reform a conviction of a greater felony found to be based on insufficient evidence to [a] lesser felony, which the evidence will support." *Stephens v. State*, 806 S.W.2d 812, 818, fn. 8 (Tex.Cr. App.1990).[2]

The judgment of conviction for capital murder is reversed and the cause remanded to the trial court for entry of a judgment of acquittal.

CLINTON, J., believing the Court's treatment of "expectation" demonstrates again that *Beets* was wrongly decided, joins only the judgment.

MILLER, J., joins this note.

WHITE, J., concurs in the result.

---

**2.** We note that, at appellant's request, the jury charge at appellant's trial included a jury instruction on the lesser included offense of mur-

der. Compare *Stephens v. State*, 806 S.W.2d 812, 814, fn. 4 (Tex.Cr.App.1990).