11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Corey Randall Hooks

Appellant

Vs.                   Nos.
11-00-00226-CR & 11-00-00227-CR B Appeals from Dallas County    

State of Texas

Appellee

 

Appellant
was convicted of robbery and aggravated sexual assault after a jury trial.  The jury assessed punishment at 15 years
confinement for the robbery and 50 years confinement for the aggravated sexual
assault with a fine of $10,000 in each case. 
Appellant argues in three issues on appeal that:  (1) the trial court incorrectly instructed
the jury regarding the parole law applicable to the aggravated sexual assault
charge; (2) the trial court erred in admitting appellant=s written confession because it was
involuntarily made; and (3) appellant received ineffective assistance of
counsel.  We affirm.

Background
Facts

On October
23, 1999, ADiane”[1]
and her cousin, Vickie W., drove to Bachman Lake at about 8:00 p.m. where they
got out of their car and sat on a bench. 
The women were watching planes land at Love Field when an
African-American man identified as appellant appeared.  Appellant asked if they knew the time and
who owned their car.  Appellant then put
his hand in his pocket as if he had a gun and told them:  AI need y=all to get me out of this area.”  Diane and Vickie said that they would take
him anywhere and asked him not to kill them. 









The three
of them got in Vickie=s car
with Vickie driving; Diane in the front seat; and appellant in the back seat
behind the driver.  Appellant told the
women that they would die if they did not do what he said.  Appellant directed Vickie to an abandoned
garage.  He ordered Diane into the back
seat, where he sexually assaulted her vaginally and forced her to perform oral
sex on him.  After the sexual assaults,
appellant demanded money and drove away in the car.  The women flagged down a passing motorist who drove them to a
nearby police unit.  The police took
Diane to Parkland Hospital for a rape exam. 
DNA testing from the rape exam confirmed appellant=s guilt.

Appellant
was arrested on October 26, 1999, while driving the stolen car.  Appellant gave a written statement to the
police in which he admitted accosting the victims, having sex with one of the
victims, taking their money, and taking the car.  

Appellant
does not challenge the legal or factual sufficiency of the evidence.

Punishment
Charge

In his
first issue, appellant claims that the trial court incorrectly instructed the
jury regarding the parole law applicable to the aggravated sexual assault
charge.  On June 7, 2001, this court
abated these appeals to the trial court for a hearing to determine the actual
charge given to the jury regarding the parole law.  On July 2, 2001, the trial court convened a hearing and heard
evidence.  One of the trial prosecutors
and appellant=s trial lawyer testified that the copies of
the charge in their files contained the correct parole law; these copies were
introduced into evidence.  Both lawyers
testified that, had the trial court read an incorrect charge to the jury, they
would have objected.  The court reporter
testified that she would have recorded any objections during the reading of the
charge even though she did not record the reading of the charge.  The trial court noted that the record
reflects that, during the prosecutor=s argument on punishment, the prosecutor stated the correct parole law
for aggravated sexual assault to the jury.

The trial
court also noted for the record that it was aware of the correct parole law for
an aggravated sexual assault charge and that it would have noticed incorrect
parole language during the reading and would have corrected the charge.  The trial court acknowledged that the
punishment jury charge contained in the clerk=s file contained an incorrect parole instruction.  At the conclusion of the hearing, the trial
court entered detailed findings of fact. 
The trial court found that the charge in the clerk=s record was not the charge given, that a
correct charge was given to the jury because the State=s and the defendant=s copies of the jury charge contained a
correct parole instruction, that the court read the correct jury charge
immediately before the jury retired to deliberate, and that the correct parole
law was argued to the jury.  There is no
evidence that the jury received the wrong instruction.  We overrule appellant=s first issue.

 








Confession

In his second
issue, appellant argues that the trial court erred in overruling his motion to
suppress and in admitting his confession because it was not voluntarily
made.  Appellant claims that his
confession was involuntary because he was intoxicated.  Detective James Stacy testified that he met
with appellant after appellant was arrested while driving the stolen car.  Detective Stacy advised appellant of his
constitutional rights under TEX. CODE CRIM. PRO. ANN. art. 38.22, ' 2 (Vernon 1979).  See Article 38.22, section 2(a). 
Detective Stacy testified that appellant appeared to understand his
rights and that appellant did not appear to be intoxicated.  Appellant first told Detective Stacy that he
bought the car from a man for $20 of cocaine. 
After further questioning, appellant broke down and said that he would
tell the truth.  According to Detective
Stacy, appellant agreed to waive his rights and give a written statement.  Appellant told Detective Stacy what to
write, and appellant signed the statement in the presence of a civilian
witness.  The statement was essentially
the same as the testimony of the victims.

To be
admissible, a confession must be freely and voluntarily made.  TEX. CODE CRIM. PRO. ANN. art. 38.21 (Vernon
1979).  Factual determinations made by the
trial court at a hearing on a motion to suppress evidence shall not be
disturbed on appeal if those findings are supported by the record. Urbano v.
State, 837 S.W.2d 114 (Tex.Cr.App.1992); Johnson v. State, 803 S.W.2d 272
(Tex.Cr.App.1990).  At a hearing on a
motion to suppress evidence, the trial court is the sole judge of the weight
and credibility of the evidence; the trial court=s finding may not be disturbed on appeal absent a clear abuse of
discretion.  Alvarado v. State, 853
S.W.2d 17, 23 (Tex.Cr.App.1993). Appellant testified during the motion to
suppress his statement.  Appellant
admitted that he signed the statement. 
Appellant claimed, however, that he was under the influence of alcohol,
marihuana, and crack cocaine at the time he signed the statement.  Appellant claimed that he did not understand
his rights and that he could have written his own statement if he had not been
intoxicated.  The trial court was
entitled to believe the police officer=s testimony and to disbelieve appellant=s testimony.  Meek v. State, 790
S.W.2d 618, 620 (Tex.Cr.App.1990). After hearing the testimony, the trial court
found that appellant was advised of his rights and that appellant freely and
voluntarily confessed.  We find that the
trial court did not err in concluding that appellant=s confession was freely and voluntarily
made.  We overrule appellant=s second issue.








                                                     Ineffective
Assistance of Counsel

In his
third and final issue, appellant contends that trial counsel was ineffective
because counsel failed to object to the jury charge containing an incorrect
statement on parole law and because counsel failed to object to inadmissible
prior misdemeanor convictions.  We
disagree.

To
determine whether appellant=s trial counsel rendered ineffective assistance at trial, we must first
determine whether appellant has shown that counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors. Strickland v. Washington, 466 U.S.
668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Hernandez v.
State, 726 S.W.2d 53, 55 (Tex.Cr.App.1986). 
The burden of proving ineffective assistance rests with appellant.  Moore v. State, 694 S.W.2d 528, 531
(Tex.Cr.App.1985).

Appellant
contends that trial counsel was ineffective for failing to object to the jury
charge regarding appellant=s eligibility for parole. 
However, after this court abated the appeal to the trial court, the
trial court determined that the jury in fact received the correct parole
instruction.  

Appellant
argues that two of the four misdemeanor convictions introduced during the
punishment phase were for offenses which occurred prior to January 1, 1996, and
that evidence of the two misdemeanor convictions should not have been admitted
because TEX. CODE CRIM. PRO. ANN. art. 37.07, ' 3(i) (Vernon Supp. 2001) provides:

Evidence
of an adjudication for conduct that is a violation of a penal law of the grade
of misdemeanor punishable by confinement in jail is admissible only if the
conduct upon which the adjudication is based occurred on or after January 1,
1996.

 

Evidence
of the two misdemeanor convictions was properly admitted.  Section 3(i) refers to juvenile adjudications
of delinquency, not adult convictions. 
The Act of June 2, 1997, 75th Leg., R.S., ch. 1086, ' 31, 1997 Tex. Gen. Laws 4179, 4191 reflects
that Section 3(i) was originally enacted as Section 3(h) and that, at the same
time, the legislature amended the last sentence in Section 3(a) to read:

Additionally, notwithstanding Rule 609(d),
Texas Rules of Criminal Evidence, and subject to Subsection (h),
evidence may be offered by the state and the defendant of an adjudication of
delinquency based on a violation by the defendant of a penal law of the grade
of:

 








(1) a felony; or

(2) a misdemeanor punishable by confinement
in jail.  (Emphasis added to note the
language added by the legislature)

 

During the same session, the legislature had earlier enacted another
Section 3(h) that prevented the State or defendant from offering evidence
during the punishment phase that the defendant planned to undergo an
orchiectomy (castration).  Act of May 5,
1997, 75th Leg., R.S., ch. 144, ' 2, 1997 Tex. Gen. Laws 287, 289. 
Attempting to correct the problem of having enacted two sections
numbered  3(h), the legislature in 1999
renumbered the Section 3(h) enacted on June 2, 1997, as Section 3(i); however,
the legislature failed to change the reference in Section 3(a) from (h) to
(i).  See the notes on the legislative
history of TEX. CODE CRIM. PRO. art. 37.07 in the 2002 Vernon supplement.  Despite this oversight by the legislature,
the reference in Section 3(a) to (h) should be read to refer to what is now
codified as Section 3(i) because a reference to any portion of a statute or
rule applies to all reenactments, revisions, or amendments of the statute or
rule.  TEX. GOV=T CODE ANN. ' 311.027 (Vernon 1998).

Appellant further argues that his counsel should not have stipulated to
the two misdemeanor convictions.  One
conviction was for theft of over $20, and the other conviction was for selling
alcohol to a minor.  The record is
silent as to why counsel stipulated to the two convictions, but we must presume
that he made the decision in the exercise of reasonable professional
judgment.  Jackson v. State, 877 S.W.2d
768 (Tex.Cr.App.1994).  Counsel may have
decided that to make an issue of the two misdemeanor convictions would only
antagonize the jury.  Appellant has not
shown that the evidence of the two misdemeanor convictions was incorrect.  We overrule appellant=s third issue.

                                       This
Court=s Ruling

We affirm the judgments of the trial court.

 

February 14, 2002                                                                   TERRY
McCALL

Publish. 
See TEX.R.APP.P. 47.3(b).                                       JUSTICE

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall,
J.

 











[1]Diane was a pseudonym.