11th Court of Appeals
Eastland, Texas
Opinion
 
Eric Dennis Newberry
            Appellant
Vs.                  No. 11-04-00204-CR  -- Appeal from Palo Pinto County
State of Texas
            Appellee
 
            Appellant was convicted of the offense of aggravated assault with a deadly weapon. The trial
court assessed punishment at confinement for 14 years and a fine of $2,500. Appellant’s counsel
has filed a motion to withdraw and has accompanied the motion with a frivolous appeal brief. See
Anders v. California, 386 U.S. 738 (1967). We grant appellate counsel’s motion to withdraw and
affirm the judgment of the trial court. Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
            In his brief, counsel concludes, after a professional and conscientious examination and
evaluation of the record, that the appeal is frivolous. Counsel details the record, discusses the facts
and the law, and makes appropriate record references.
            Appellant’s attorney raises two possible arguable points of error. The first point is that the
trial court erred when it overruled appellant’s motion for directed verdict made at the close of the
State’s evidence. The second point raised by counsel is that the evidence is insufficient to support
the jury’s verdict in that the evidence was insufficient to show that appellant acted with the intent
to promote or assist in the commission of the offense. Counsel correctly details the standards
applicable to sufficiency-of-evidence reviews. Counsel cites In re Winship, 397 U.S. 358 (1970);
Urbano v. State, 837 S.W.2d 114 (Tex.Cr.App.1992); and Jackson v. Virginia, 443 U.S. 307 (1979).
            Counsel has furnished appellant with a copy of the brief and motion and has advised
appellant of his right to file a pro se brief. A pro se brief has not been filed, and the time for filing
a pro se brief has passed.
            As required by Anders and its progeny, we have conducted an independent examination of
the proceedings. The record reflects that a person by the name of Sam Butler, along with the victim
and others, were passengers in appellant’s pickup. Butler was seated in the back seat behind the
victim. Butler placed a strap around the victim’s neck and began stabbing him repeatedly. The
victim broke the strap and asked why he was being stabbed. The record reflects that appellant said
that there was a snitch in town and he thought he knew who it was. While Butler continued to stab
the victim, appellant said, “If you’re not the snitch, who is?” The assault continued as appellant
drove to appellant’s shop, where the stabbing continued. Three different knives were used to stab
the victim.
            While at appellant’s shop, Butler attempted to cut the victim’s throat, but the victim’s
necklace protected him from the cut. The victim complained that he wanted to go to a hospital
because he was getting weak from the loss of blood. Appellant, Butler, another passenger, and the
victim left the shop in appellant’s pickup. At a certain spot on Highway 337, the victim was allowed
to leave the vehicle. The passenger gave the victim a cell phone that the victim used to call for help. 
The victim was later taken to the hospital by Care Flight. The victim testified that at no time did
appellant attempt to stop the stabbing and that appellant did not take any action to get him to a
hospital.
            Law enforcement officers found appellant’s pickup and determined that it was in the process
of being cleaned up. There were cut marks in the front passenger seat where the victim had been
seated. Law enforcement officers also found blood on the seat belt.
            Appellant denied any involvement in the stabbing and stated that he had tried to get Butler
to quit stabbing the victim. He further testified that he wanted to take the victim to the hospital, but
that Butler would not let him. After the stabbing, Butler continued to stay at appellant’s house.
            After making our independent review of the proceedings, we determine that the possible
points raised by counsel are not arguable points to present on appeal and that this appeal is wholly
frivolous. See Anders v. California, supra; Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991);
Eaden v. State, ___ S.W.3d ___ (No. 11-03-00405-CR, Tex.App. - Eastland, February 10, 2005)(not
yet reported).
 
            Counsel has complied with Anders v. California, supra; Stafford v. State, supra; High v.
State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and
Gainous v. State, supra. See Eaden v. State, supra.
            Counsel’s motion to withdraw is granted, and the judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
February 10, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.