COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| KEVIN FULFORD, | | No. 08-10-00139-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 120th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20090D02629) |
| | § | |

**O P I N I O N**

Kevin Fulford appeals his conviction for family-violence assault (enhanced). The jury found Appellant guilty as charged and sentenced him to eight years' imprisonment together with a $10,000 fine. In two issues on appeal, Appellant complains that the evidence is legally and factually insufficient to sustain his conviction. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Appellant was charged by indictment with family-violence assault, enhanced by a prior conviction. According to the indictment, on or about May 2, 2009, Appellant:

[I]ntentionally, knowingly, and recklessly cause[d] bodily harm to DEBRA PINA, a member of [Appellant's] family or household, by striking her about her body with a belt.

The enhancement paragraph alleged that Appellant was previously convicted of an offense against a member of his family. Appellant stipulated to the enhancement paragraph, but he pled not guilty to the charged offense. The case was tried to a jury.

Officer Magaly Guevara and Officer Max Christopher Bechtel of the El Paso Police Department testified for the State. On May 2, 2009, the officers responded to a dispatch sent in

response to a 9-1-1 call reporting a domestic assault. They arrived separately at the apartment complex but proceeded to the designated apartment together. Officer Bechtel knocked on the door, and Appellant answered, sporting a belt folded over in his right hand. The officers immediately told Appellant to put the belt down, and he complied by tossing it into an infant car seat. Both officers testified that when Appellant answered the door, he was sweating profusely and breathing hard.

Appellant's wife, Debra Pina, was sitting on a couch in the living room when they arrived. The couple were the only people inside the apartment at that time. The officers separated them. Officer Guevara initially approached Pina in the living room; but, when more male officers arrived, Pina expressed a need to change clothing and Officer Guevara followed her upstairs.[1] Officer Bechtel remained downstairs to question Appellant.[2]

According to Officer Guevara, Pina was visibly shaken, scared, and had obviously been crying. As Guevara followed Pina up the stairs, she noticed redness on the back on Pina's arms, but the staircase was fairly dark so she couldn't quite tell what the marks looked like. Once upstairs in the light, Guevara observed that Pina had multiple red, linear marks on the back of each arm which were beginning to swell or "welt up." When asked whether she was in pain, Pina wouldn't answer or even look at the officer. Officer Guevara also asked if Appellant had caused the marks or hit her, but again Pina wouldn't look at her and said nothing. When asked whether this had happened before, Pina just cried. Officer Guevara then asked Pina if she could photograph the injuries, but Pina refused and then said, "I just want him to leave." At that point,

---

[1] According to Officer Guevara's testimony, Pina mentioned she was Muslim and needed to put on her "abaya" to cover her face.

[2] Appellant simply said he and his wife had an argument, but he did not elaborate.

Officer Guevara returned downstairs and signaled to the other officers to arrest Appellant.

Once Appellant was arrested and escorted from the apartment, Officer Bechtel spoke with Pina's thirteen-year-old daughter Marissa, who had placed the 9-1-1 call. Over Appellant's objection, an audio recording was admitted into evidence as an excited utterance and played for the jury. The CAD (Computer Assisted Dispatch) report was also admitted. According to the tape and report, Marissa told the dispatcher that Appellant was hitting her mother with a belt. Officer Bechtel testified that when he approached Marissa for questioning, she was visibly upset and crying. He was not permitted to testify to anything Marissa said to him.

Both Pina and Marissa testified for the defense. According to Pina, she and Appellant had a verbal argument but she denied that Appellant ever struck her. On cross-examination, she admitted it was possible he had a belt in his hand and that she had red marks on her arm.

Marissa testified that she did not actually see Appellant hit her mother. She had been outside with her siblings and her paternal aunt. She only called 9-1-1 because her aunt told her to do so.

## SUFFICIENCY OF THE EVIDENCE

The Court of Criminal Appeals recently abandoned factual sufficiency review in those cases where the burden of proof is beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010)(finding no meaningful distinction between the legal and factual sufficiency standards and no justification for retaining both standards, therefore overruling the factual sufficiency review adopted in *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996)). In doing so, the Court also determined that the legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the only

standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks*, 323 S.W.3d at 894-95. Therefore, in accordance with *Brooks*, we review Appellant's legal and factual sufficiency claims together under the *Jackson* legal-sufficiency standard and determine whether the evidence is sufficient to support each and every essential element of criminal offense beyond a reasonable doubt. *See Brooks*, 323 S.W.3d 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. 2789.

*Standard of Review*

Under the *Jackson* standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. As the trier of fact, the jury is the sole judge as to the weight and credibility of witness testimony, and therefore, on appeal we must give deference to the jury's determinations. *Brooks*, 323 S.W.3d at 894-95. If the record contains conflicting inferences, we must presume the jury resolved such facts in favor of the verdict and defer to that resolution. *Id*. On appeal, we serve only to ensure the jury reached a rational verdict, and we may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). This standard applies equally to both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995).

*Applicable Law*

Appellant was charged with intentionally, knowingly, or recklessly causing bodily injury to Debra Pina, a member of Appellant's family or household, by striking her with a belt. A person commits an assault if the person, "intentionally, knowingly, or recklessly causes bodily

injury to another, including the person's spouse." TEX.PENAL CODE ANN. § 22.01(a)(1)(West 2011). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition," and is proved if the evidence shows that the victim suffered "some" pain. *See* TEX.PENAL CODE ANN. § 1.07(a)(8)(West Supp. 2006); *see Lane v. State*, 763 S.W.2d 785, 786-87 (Tex.Crim.App. 1989). This definition is purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching. *See Lane*, 763 S.W.2d at 786; *see also York v. State,* 833 S.W.2d 734, 736 (Tex.App.--Fort Worth 1992, no pet.). The jury may infer that the victim suffered pain based on evidence of injuries or the circumstances of the assault. *See Goodin v. State*, 750 S.W.2d 857, 859 (Tex.App.--Corpus Christi 1988, pet. ref'd).

*Analysis*

Appellant first contends that the State's evidence did nothing more than create a suspicion of guilt which, under *Urbano v. State*, 837 S.W.2d 114 (Tex.Crim.App. 1992), *superceded in part on other grounds*, *Herrin v. State*, 125 S.W.3d 436 (Tex.Crim.App. 2002), is insufficient to sustain a conviction. *See Urbano*, 837 S.W.2d at 116 ("[i]f the evidence at trial raises only a suspicion of guilt, even a strong one, then that evidence is insufficient."). Appellant points to the fact that the State did not call Pina as a witness or produce any photographs, relying primarily on the 9-1-1 call instead. He emphasizes that upon arrival at the apartment, the officers did not hear a belt slapping or any other sounds which would indicate a physical altercation was in progress, nor did they see any physical signs of a disturbance in the living room. Appellant also heavily relies on the fact that Pina never accused Appellant of hitting her, and affirmatively denied the allegations.

As the trier of fact, the jury was free to believe or disbelieve any part or all of a witness's

testimony, and reconcile inconsistencies as they saw fit. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Apparently, the jury chose to believe the officers' testimony and the 9-1-1 call over Pina's and Marissa's trial testimony. We must defer to the jury's determination of credibility. *See* TEX.CODE CRIM.PROC.ANN. art. 38.04 (West 1979); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App. 1982)(holding that contradictions in evidence are reconciled by the jury and will not result in reversal so long as there is enough credible testimony to support the verdict.). Here, the jurors heard a recording in which Marissa told the operator that Appellant was beating her mother with a belt. They also heard testimony from the responding officers that when Appellant opened the door, he had a belt in his right hand and he was sweating profusely and breathing hard. Pina was sitting on a couch in the living room and was visibly upset, shaken, and had been crying. Finally, the jury heard testimony that red marks on the back of Pina's arms were beginning to welt which, in Officer Guevara's opinion, was consistent with Pina being hit by a belt. Considering the evidence before it, a rational jury could have found that Appellant struck Pina, a member of his family or household, with a belt as alleged in the indictment.

Appellant next contends that even if the evidence supports a finding that Appellant struck Pina with a belt, the conviction for assault cannot stand because there is no evidence he caused any physical pain as required by the statute. The elements of family violence assault are: (1) the defendant; (2) intentionally, knowingly, or recklessly; and (3) caused bodily harm to a family member, including the defendant's spouse. *Davila v. State*, 346 S.W.3d 587, 591 (Tex.App.--El Paso 2009, no pet.). It is not necessary for the victim to testify that she experienced pain. The jury may draw reasonable inferences from the evidence, including the inference that a victim suffered pain as the result of her injuries. *See Bolton v. State*, 619 S.W.2d 166, 167 (Tex.Crim.App. 1981)(evidence of cut sufficient to show bodily injury); *Arzaga v. State,* 86

S.W.3d 767, 778-79 (Tex.App.--El Paso 2002, no pet.)(swelling and bruising of lips sufficient to show bodily injury); *Goodin,* 750 S.W.2d at 859 (bruises and muscle strain sufficient to show bodily injury). We conclude that the evidence is sufficient to support the jury's implied finding that Appellant caused bodily injury, *i.e.*, inflicted pain upon Pina, when he struck her with a belt. *See Scugoza v. State*, 949 S.W.2d 360, 362-63 (Tex.App.--San Antonio 1997, no writ); *see also Blevins v. State*, No. 02-09-00237-CR, 2010 WL 5395836, at *3 (Tex.App.--Fort Worth Dec. 30, 2010, pet. ref'd) (holding evidence legally sufficient to sustain a conviction for family assault where appellant shoved his wife, even though his wife testified she did not feel any pain when she was shoved).

Finally, Appellant complains that even if all of the statements in the 9-1-1 call are true, it is reasonably possible that Appellant and Pina were engaged in mutual combat and that he struck her in self-defense, or that he struck her with her consent, arguing that "[w]ithout contextual evidence regarding Pina's actions or reactions, no one result is more reasonable than the other." However, it is the defendant's duty to raise such defensive theories at trial. Appellant has raised them for the first time on appeal. Because the State need not disprove any and all possible defenses, Appellant's contention is without merit. *See Allen v. State*, 273 S.W.3d 689, 693 (Tex.App.--Houston [1st Dist.] 2008, no pet.)(noting that, "It is the defendant's burden to produce evidence raising the defense, after which the burden shifts to the State," and that, "The burden placed on the State is not one of producing evidence to refute the defensive claim, but rather to prove its assault case beyond a reasonable doubt.").

Based on the totality of the circumstances, in the light most favorable to the jury's verdict, we conclude that the jury could have reasonably found each and every element of assault beyond a reasonable doubt. For these reasons, we overrule both issues for review and affirm the

trial court's judgment.

November 9, 2011

ANN CRAWFORD McCLURE, Chief

Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)