

# NUMBER 13-10-00519-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PERNELL KNOX,                                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                              Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rose Vela**

A jury found appellant, Pernell Knox, guilty of possessing less than one gram of cocaine, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). After finding appellant had two prior felony convictions, the jury assessed punishment at four years' imprisonment. By two issues, appellant argues that (1) an ambiguous stipulation cannot prove a certain fact absent other proof, and (2) the

evidence is insufficient to prove he possessed the cocaine.   We affirm.

## I. FACTUAL BACKGROUND

### A. State's Evidence

Officer William Hobbs testified that several officers who work the north side of Corpus Christi had received tips that a house at 1507 Lexington Street was a known "drug house."   In addition, he received "a couple of printouts" from his chain of command and from Crime Stoppers to keep an eye on that house for drug activity.   On the night of January 23, 2010, he saw a red Jeep leaving the house on Lexington Street.   He "did a traffic stop" on the Jeep and contacted the driver and a passenger, who Officer Hobbs identified as appellant.   When he released both individuals, the driver left in the Jeep, but appellant got out and started walking southbound on Lexington Street.   Because Officer Hobbs saw appellant walking in the middle of the street, he approached appellant, who had his right hand in his front pant pocket.   He asked appellant to "leave" his hand out of his pocket, and when appellant pulled his hand out, "he dropped a little small object on the ground."   Officer Hobbs quickly detained appellant and put him in the back of his patrol car.   Afterwards, he returned to the area where appellant dropped the item.   Officer Hobbs picked up the item and saw that it was "a piece of crack cocaine."   He put it in an envelope and placed the envelope in his pocket.   He then arrested appellant for possession of a controlled substance.   While searching appellant, Officer Hobbs put his hand in appellant's right front pocket and found another piece of crack cocaine.   Both pieces of crack cocaine were admitted into evidence as State's exhibit 1.

2

In the jury's presence, the prosecutor announced a stipulation "that Ruben Rendon of the DPS crime lab tested the substance" and that the "substance was found to be cocaine, a controlled substance of 0.36 grams, which is less than a gram of cocaine." After hearing this, defense counsel stated, "That's correct, Your Honor. The Defendant will stipulate to that finding."

On cross-examination, Officer Hobbs testified he stood about two feet away from appellant when appellant dropped the crack cocaine onto the ground. When defense counsel asked Officer Hobbs, "[W]henever you're taking Mr. Knox [appellant] back [to the patrol car] are you looking at where he placed this crack rock the whole time?," he said, "Yes, sir." However, he said that "I didn't have [my] eyes on it at all time." When defense counsel asked him, "So, is it possible that that crack rock or that drug rock could have been there from somebody else?," he said, "Not in my opinion, no, sir, it's not." He said that "[t]o the best of my ability, I tried to maintain direct view on the rock that was laying on the ground, . . . ." When defense counsel, referring to State's exhibit 1, asked Officer Hobbs, "[D]o you recall which white rock it was that was laying on the ground out of these two?," he said, "No, sir, I do not."

## B. Defense Evidence

Appellant testified Officer Hobbs never contacted him in the middle of the street. When defense counsel asked appellant, "Did he [Officer Hobbs] ever find any crack rocks in your pocket?," he said, "No, sir. He searched me when I got out [of] the vehicle and took everything out of my pocket." When defense counsel asked him, "[T]his right here is the crack cocaine in question. [D]id you ever place one of these on the ground?," he

3

said, "No, I didn't." When asked, "Did you ever have one of these in your pants?," he said, "No, I did not." He denied possessing the drugs that comprised State's exhibit 1 and said he "was being falsely accused for something that I did not do."

## II. DISCUSSION

### A. Sufficiency of the Evidence

In issue one, appellant contends the evidence is insufficient to prove the essential elements of the offense. Specifically, he points out that the controlled substances were found in an area known to be frequented by drug users and that multiple persons were in the specific area within the hour where a rock of cocaine was found on the ground near appellant. In addition, Officer Hobbs admitted to not maintaining eye contact with the item he claimed appellant tossed to the ground. Appellant further argues that the second object recovered from his pocket was not shown beyond a reasonable doubt to be a controlled substance. He states that the "stipulation that 'the substance' was tested and found to be 0.36 grams of cocaine does not establish that cocaine was found in the item taken from [appellant's] pocket as opposed to the item taken from the ground."

#### 1. Standard of Review

"When reviewing a case for legal sufficiency, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Winfrey v. State*, 323 S.W.3d 875, 878–79 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Consequently, we 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when

4

viewed in the light most favorable to the verdict.'" *Id.* at 879 (quoting *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). "It has been said, quite appropriately, that '[t]he appellate scales are supposed to be weighted in favor of upholding a trial court's judgment of conviction, and this weighting includes, for example, the highly deferential standard of review for legal-sufficiency claims.'" *Id.* (quoting *Haynes v. State*, 273 S.W.3d 183, 195 (Tex. Crim. App. 2008) (Keller J., dissenting) (citing *Jackson*, 443 U.S. at 319)). "We must therefore determine whether the evidence presented to the jury, viewed in the light most favorable to the verdict, proves beyond a reasonable doubt that appellant" committed the crime for which the jury found him guilty. *See id.* "It is the obligation and responsibility of appellate courts 'to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged.'" *Id.* at 882 (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). "Furthermore, '[i]f the evidence at trial raises only a suspicion of guilt, even a strong one, then that evidence is insufficient [to convict].'" *Id.* (quoting *Urbano v. State*, 837 S.W.2d 114, 116 (Tex. Crim. App. 1992), *superseded in part on other grounds*, *Herrin v. State*, 125 S.W.3d 436, 443 (Tex. Crim. App. 2002)).

In a prosecution for possession of a controlled substance, the State must prove the accused exercised care, custody, control, or management over the substance and that the accused knew the substance was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010) (stating "'Possession' means actual care, custody, control, or management"); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006) (stating the

5

accused must know "the matter possessed was contraband"). In *Evans*, the court of criminal appeals stated:

> Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous. This is the so-called 'affirmative links' rule which protects the innocent bystander—a relative, friend, or even stranger to the actual possessor—from conviction merely because of his fortuitous proximity to someone else's drugs.

202 S.W.3d at 161–62 (footnote omitted).

Relevant non-exclusive links tending to connect the accused to knowing possession include: (1) whether the accused was present when the search was conducted; (2) whether the contraband was in plain view; (3) whether the narcotic was in close proximity to and accessible by the accused; (4) whether the accused was under the influence of narcotics when arrested; (5) whether the accused possessed other contraband or narcotics when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused tried to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the accused either owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the accused's conduct indicated a consciousness of guilt. *Id.* at 162 n.12; *Isbell v. State*, 246 S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.). The legal issue with respect to these "links" is "'whether there was evidence of circumstances, in addition to mere presence, that would adequately justify the conclusion that the defendant knowingly possessed the substance.'" *Evans*, 202 S.W.3d at 162 n.9

6

(quoting *Evans*, 202 S.W.3d at 166 (Womack, J., concurring)). "It is . . . not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Id.* at 162.

### 2. Analysis

Regarding the sufficiency of the evidence concerning the contraband that Officer Hobbs retrieved from the street, he testified that while talking to appellant on the street, appellant pulled his hand out of his pocket and dropped a small object on the ground. Officer Hobbs estimated that he was standing about two feet from appellant when he dropped the item on the ground. This occurred some ten to fifteen feet from his patrol car. Officer Hobbs testified that the area was well lit, and after placing appellant in the back of his patrol car, he picked up the item, which he believed to be crack cocaine. Even though the incident occurred at night and Officer Hobbs did not maintain eye contact with the item that appellant dropped to the street, the evidence did not show that Officer Hobbs picked up an item from the street that was different from the item that appellant took out of his own pocket. Considering the short distance from Officer Hobbs's patrol car to where appellant dropped the contraband, as well as the brief amount of time that elapsed from when appellant dropped the contraband to the time Officer Hobbs picked it up, a rational jury could have reasonably concluded that the item that Officer Hobbs picked up was the same item that appellant dropped to the street.

Regarding the sufficiency of the evidence concerning the contraband that Officer Hobbs removed from appellant's pocket, the evidence showed that Officer Hobbs searched appellant following his arrest. During the search, Officer Hobbs put his hand in

appellant's right front pocket and found another piece of crack cocaine. When, "as here, the contraband is in clothing being worn by the accused, a question of fact as to whether the accused knowingly possessed such contraband is presented for jury determination." *Frazier v. State*, 480 S.W.2d 375, 381 (Tex. Crim. App. 1972) (outlining that contraband was found in a coat). Here, appellant exercised possession of his pants, because he was wearing them. There being no question that he possessed his own pants, the jury was warranted in finding that he had actual care, control, or management of the contraband within the pants. *See id*.

Even though appellant testified that he did not possess any cocaine on the night in question and that he was being falsely accused, the jury is the sole judge of a witness's credibility and the weight of the testimony. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Thus, the jury may choose to believe or disbelieve all or any part of a witness's testimony. *See id*. In this case, the jury apparently chose to believe Officer Hobbs's testimony and to disbelieve appellant's testimony.

Accordingly, a rational jury could have reasonably concluded that appellant exercised care, custody, control, or management over both items of contraband and that he knew that both items were cocaine. We conclude that viewing all of the evidence in the light most favorable to the verdict, as we must, a rational jury could have found beyond a reasonable doubt that appellant intentionally or knowingly possessed the cocaine. *See Jackson*, 443 U.S. at 319; *Evans*, 202 S.W.3d at 162 n.12. We hold that the evidence is legally sufficient to support appellant's conviction. Issue one is overruled.

**B. The Stipulation**

In issue two, appellant argues the stipulation does not establish which item seized was cocaine.   The stipulation was "that Ruben Rendon of the DPS crime lab tested the substance.   It was found—that substance was found to be cocaine, a controlled substance of 0.36 grams, which is less than a gram of cocaine."

The court of criminal appeals has stated that "[i]t would be inconceivable that a trier of fact could not make inferences from stipulated facts."   *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984).   In the present case, it is apparent from the context of trial and the intention of the parties that the substance in question included both rocks of cocaine entered into evidence as State's exhibit 1.   Defense counsel did not try to restrict the stipulation that the substance was cocaine to only a part of the drugs in question.   Accordingly, the stipulation was sufficient to cover both rocks of cocaine.   However, even if the stipulation was ambiguous concerning which rock was cocaine, there was legally sufficient evidence to connect appellant to both rocks.   Issue two is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of February, 2012.

9