ACCEPTED
06-14-00139-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/20/2015 11:59:06 PM
DEBBIE AUTREY
CLERK

NOS. 06-14-00140-CR, 06-14-00141-CR &

06-14-00142-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/23/2015 1:45:00 PM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS SIXTH DISTRICT

AT TEXARKANA, TEXAS

_____

DONNY JOE CURRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

APPEAL IN CAUSE NUMBERS CR1301628, CR1301627, and

CR1301625 IN THE COUNTY COURT AT LAW NUMBER 1

OF HUNT COUNTY, TEXAS

_____

BRIEF FOR APPELLANT

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his request for the judgment of conviction and sentences to be overturned in Cause Nos. CR1301628, CR1301627, and CR1301625.

Appellant Requests Oral Argument

# IDENTITY OF PARTIES AND COUNSEL

Appellant's Attorney:
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403-0011

Appellant's Trial Attorney:
Toby Wilkinson
P.O. Box 851266
Mesquite, Texas 75149

Appellee:
The State of Texas by and through
Joel Littlefield
Hunt County Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

Appellee's Trial Counsel:
Jeffry Kovach
Hunt County Attorney's Office
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# **TABLE OF CONTENTS**

Identity of the Parties and Counsel ...............................................................2

Table of Contents ..........................................................................................3

Index of Authorities .......................................................................................4

Statement of the Case ...................................................................................5

Statement of the Facts..................................................................................7

Summary of the Argument .............................................................................9

Argument and Authorities ............................................................................10

    **Issue Number One**................................................................................10
    The evidence is legally insufficient to prove beyond reasonable
    doubt, that Curry committed Failure to Identify.

    **Issue Number Two**...............................................................................13
    Trial court imposed an illegal sentence in 06-14-00142
    (CR1301628).

    **Issue Number Three** ...........................................................................15
    Trial court imposed an illegal sentence in 06-14-00140
    (CR1301625).

    **Issue Number Four** .............................................................................16
    Trial court imposed an illegal sentence in 06-14-00141
    (CR1301627).

Prayer for relief ........................................................................... 19

Certificate of compliance of typeface and Word Count........................... 20

Certificate of Service................................................................................21

# INDEX OF AUTHORITIES

**FEDERAL CASE:**

*Jackson v. Virginia,* 443 U.S. 307. ........................................................ 10

**STATE CASES:**

*Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). ............. 11

*Banks v. State*, 708 S.W.2d 460, 462 (Tex.Crim.App. 1986).................... 14

*Ex parte Pena*, 71 S.W.3d 336 (Tex.Crim.App.2002) ............................. 13

*Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).. ........... 11

*Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009) ....................... 10

*Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003) ................... 13

*Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992) .................. 12

*Vodochodsky v. State,* 158 S.W. 3d 502, (Tex. Crim. App. 2005) ............ 12

*Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd) ............................................................................................ 10

**STATE STATUTES:**

TEX PENAL CODE ANN. § 6.03(a) & (b) (West 2011) ............................. 12

TEX PENAL CODE ANN. § 12.23 (Casemaker 2014) .............................. 11

TEX PENAL CODE ANN. § 38.02(a) (Casemaker 2014) .......................... 18

Tex.R.App.P. 43.2(b)
(Casemaker 2014) ...................................................................................... 14

Tex.R.App.P. 43.6
 (Casemaker 2014) ..................................................................................... 14

Tex. R. App. P. 43.2(d)

 (Casemaker 2014) ..................................................................................... 14

Tex. Transp. Code § 548.601 (Casemaker 2014) ...................................... 17

Tex. Transp. Code § 548.602 (Casemaker 2014) ...................................... 16

Tex. Transp. Code § 601.051 (Casemaker 2014) ...................................... 15

Tex. Transp. Code § 601.191 (Casemaker 2014) ...................................... 15

## STATEMENT OF THE CASE

This is an appeal of the judgment and sentence in a criminal case for the County Court at Law No. 1, in Hunt County, Texas. Appellant was convicted of Failure to Maintain Financial Responsibility in Cause No CR1301625 with a $250 fine, with a Sentence of 275 days confinement, Failure to Display / No Motor Vehicle Inspection in Cause No CR1301627 with a fine in the amount of $250 with a Sentence of 275 days confinement, and Failure to Identify with a fine assessed in the amount of $250, with a Sentence of 275 days confinement on August 1, 2014. Notice of appeal was given on August 1, 2014. The clerk's record was filed on October 1, 2014; the reporter's record was filed on November 3, 2014.

# STATEMENT OF THE FACTS

On March 1, 2013, Donny Joe Curry (Appellant) was stopped by Officer Samantha Marique in Commerce, Texas. (RR Vol. 9 p. 63). Manrique testified at trial that while on a routine patrol she notice a blue vehicle with no rear license plate. Manrique further testified that when she confronted Appellant he state that he had no driver's license and no insurance. (RR Vol. 9. 63). Later, Marique simply states that Appellant only gave her the name of Donny and that there was no registration insignia on the front of the windshield. (RR Vol. 9. 67).

Marique felt that she needed back up to deal with appellant so she called for the help of Officers Pehl and Scott. During that time Appellant waited in his vehicle. When Pehl and Scott arrived, Marique briefly explained why she had pulled Appellant over. Pehl immediately opened the Appellant's door ordered him to exit and used a Taser on Appellant. Manrique stated that while being Tased, Appellant held on to the steering wheel. (RR Vol. 9. 69). After Appellant screamed in pain from the Taser, and requested of Pehl to follow the law, Pehl removed Appellant from the vehicle. As officer Pehl removed Appellant from the car Appellant held his arms up in the air and away from officer Pehl. Officer Pehl then put hand cuffs on Appellant, guided Appellant to the hood of Manrique's car and then

7

escorted Appellant off camera. (State's Exhibit 3, 8:30- 11:30). Marique testified that that the officers later found Appellant's Social Security Card and driver's license. (RR Vol. 9. 81).

On August 28, 2013 Officer Manrique swore out a criminal complaint where she alleged:

"…Defendant did then and there refuse to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information." (CR Vol. 1 p. 9).

## SUMMARY OF THE ARGUMENTS

**Issue One:** **The evidence is legally insufficient to prove beyond reasonable doubt, that Curry Failed to give Identification**

The evidence presented at trial could not have led a rational the trial court to find that Curry acted with a conscious objective or desire to intentionally refused to give his name, residence address, or date of birth to a peace officer who *has* lawfully arrested the person and requested the information, or that he was aware that her conduct was reasonably certain to cause that result.

Concluding so, based on the evidence presented at trial, would have been speculation or suspicion by the factfinder. Thus, the evidence is legally insufficient to convict Curry in this case.

**Issues Two, Three, and Four:** **The trial court entered judgments that included illegal sentences on the remaining cases.**

The illegally imposed sentences that included punishments for confinement when Cause Nos. CR1301628, CR1301627, and CR1301625 were alleged as Class C Misdemeanors.

# ARGUMENT

## Issue One: The evidence is legally insufficient to support the convictions of Appellant

In a criminal case, an appellant may raise legal sufficiency for the first time on appeal. *Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd). When reviewing legal sufficiency of the evidence, a court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319; *Vodochodsky v. State,* 158 S.W. 3d 502, (Tex. Crim. App. 2005). While giving the proper deference to the factfinder's role this court must safeguard against the rare occurrence when a factfinder does not act rationally. *Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009).

In this case Appellant was charged with Failure to Identify. (CR Vol. 1p. 9). To support a conviction of the appellant, the State must prove beyond a reasonable doubt that Appellant intentionally refused to give his name, residence address, or date of birth to a peace officer who *has* lawfully arrested the person and requested the information.

TEX. PEN. CODE ANN. §38.02(a) (Casemaker 2014) *emphasis added.*

In reviewing the sufficiency of the evidence, courts should look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)

The video in this case depicts when officer Manrique first approached Appellant gave his first name. (RR Vol. 9. 67). Then Manrique retreats to her vehicle. Then there are no more clear requests for Appellant to identify himself until Appellant Tased and arrested. (State's Exhibit 3).

At no point before Officer Pehl Tased Appellant and removed him from the car does Pehl or other officer definitively indicate that he is under arrest.

Even giving full play to the responsibility of the fact finder to fairly resolve conflicts in testimony, to weigh the evidence and to draw

reasonable differences from basic facts to ultimate fact no rational fact finder could have found that Curry effected resistance to the arrest.

Again looking to the actions or events before, during and after the commission of the offence the facts do not amount to Failure to Identity as alleged in the Complaint. Therefore the evidence brought at trial was insufficient and Curry's conviction should be overturned.

**Appellant lacked the intent**

Additionally the state must prove that Appellant acted with a conscious objective or desire to cause the result, or that he was aware that his conduct was reasonably certain to cause the result. Tex. Pen. Code Ann. § 6.03(a) & (b) (West 2011).

It is just as rational, if not more rational, that Appellants Proof that amounts to only a strong suspicion of guilt or a mere probability of guilt is insufficient to sustain a conviction. *Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992)

In this case the trial court could only form a suspicion that Appellant Failed to Identify himself before his arrest when there was no clear indication to Appellant at the time just before he was Tased, the officers were about to arrest him.

The State did not prove beyond a reasonable doubt that Appellant acted with a conscious objective or desire to fail to identify himself before he was arrested, or that he was aware that his conduct was reasonably certain to cause the result in this case.

## ILLEGAL SENTENCES

A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003). A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus. *Ex parte Pena*, 71 S.W.3d 336 (Tex.Crim.App.2002). In addition to the above arguments in issue one, Appellant asserts in his remaining issues the trial court imposed illegal sentences in CR1301628, CR1301627, and CR1301625) because they each include a period of confinement, even though they all clearly state that each offence is a Class C Misdemeanor.

**Issue Two: Fail to Identify insufficient to include Confinement**

The trial court entered a Judgment and Sentence on August 1, 2014. In addition to a fine of $250.00, the court hand wrote sentence for

confinement of 275 days in Cause number CR1301628.  When the trial court orally pronounced the judgments, he did not include a sentence of confinement.  RR Vol3 11 p.7-8)

A person adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500.  Tex. Penal Code Ann § 12.23 (Casemaker 2014)

Texas Penal Code §38.02 provides that:

 (c)  Except as provided by Subsections (d) and (e), an offense under this section is:
(1)  a Class C misdemeanor if the offense is committed under Subsection (a);  or
(2)  a Class B misdemeanor if the offense is committed under Subsection (b).

TEX. PEN. CODE ANN. §38.02 (Casemaker 2014).

It is not alleged that Appellant nor was it proved that Appellant committed the offences under subsection (b).  Even if he did the trial court still would have pronounced a sentence greater than the maximum of a Class B misdemeanor.

This court can remand this Case for a new punishment hearing.  Tex. R. App. P. 43.2(d).  If the Court finds it has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal.  Tex.R.App.P. 43.2(b), 43.6; *Banks v. State*, 708 S.W.2d 460, 462 (Tex.Crim.App. 1986).

14

**Issue Three:  Failure to Maintain Financial Responsibility provides for a penalty of fine only.     CR1301625 / 06-14-00140**

The complaint in 6-14-00140 alleges that appellant violated

601.191(a)/601.051 of the Texas Transportation Code.  (CR Vol. 1 p.9)


A person may not operate a motor vehicle in this state unless financial responsibility is established for that vehicle through:

(1)  a motor vehicle liability insurance policy that complies with Subchapter D;
(2)  a surety bond filed under Section 601.121;
(3)  a deposit under Section 601.122;
(4)  a deposit under Section 601.123;  or
(5)  self-insurance under Section 601.124.

Tex. Transp. Code § 601.051 (Casemaker 2014)

The above statute penalty is enumerated in Section 601.191 of the

Transportation Code and states in pertinent part:

(a)  A person commits an offense if the person operates a motor vehicle in violation of Section 601.051.
(b)  Except as provided by Subsections (c) and (d), an offense under this section is a misdemeanor punishable by a fine of not less than $175 or more than $350.
(c)  If a person has been previously convicted of an offense under this section, an offense under this section is a misdemeanor punishable by a fine of not less than $350 or more than $1,000.
(d)  If the court determines that a person who has not been previously convicted of an offense under this section is economically unable to pay the fine, the court may reduce the fine to less than $175.

Tex. Transp. Code § 601.191 (Casemaker 2014)

Here the statute does not contemplate even a possibility for a sentence of confinement to be assessed.  As in above the trial court entered a Judgment and Sentence on August 1, 2014.  In addition to a fine of $250.00, the court hand wrote sentence for confinement of 275 days. When the trial court orally pronounced the judgments, he did not include a sentence of confinement.  (RR Vol3 11 p.7-8)

**Issue Four: Failure to display inspection sticker in CR1301627 / 06-14-00141 is punishable by fine only.**

The complaint in 6-14-00141 alleges that appellant violated of § 548.602 Texas Transportation Code.  (CR Vol. 1 p.9).  That section of the code states:

(a) After the fifth day after the date of expiration of the period designated for inspection, a person may not operate:
(1)  a motor vehicle registered in this state unless a current and appropriate inspection certificate is displayed on the vehicle;  or
(2)  a commercial motor vehicle registered in this state unless it is equipped as required by federal motor carrier safety regulations and displays an inspection certificate issued under the program established under Section 548.201.
(b)  A peace officer who exhibits a badge or other sign of authority may stop a vehicle not displaying an inspection certificate on the windshield and require the owner or operator to produce an inspection certificate for the vehicle.
(c)  It is a defense to prosecution under Subsection (a)(1) that an inspection certificate for the vehicle is in effect at the time of the arrest.

Tex. Transp. Code § 548.602 (Casemaker 2014).

The penalty for failure to display an inspection sticker is enumerated in Section 548.601 of the Transportation Code and states in relevant part:

> (a) A person, including an inspector or an inspection station, commits an offense if the person:
> (1) issues an inspection certificate with knowledge that the issuance is in violation of this chapter or rules adopted under this chapter;
> (b) Unless otherwise specified in this chapter, an offense under this section is a Class C misdemeanor.

Tex. Transp. Code § 548.601 (Casemaker 2014)

Again, a person adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500. Tex. Penal Code Ann § 12.23 (Casemaker 2014). And again as in the other cases in this brief, the statute does not contemplate even a possibility for a sentence of confinement to be assessed. The trial court entered a Judgment and Sentence on August 1, 2014. In addition to a fine of $250.00, the court hand wrote sentence for confinement of 275 days. When the trial court orally pronounced the judgments, he did not include a sentence of confinement. (RR Vol3 11 p.7-8)

This court may remand these cases for a new punishment hearing. Tex. R. App. P. 43.2(d). Additionally, if the Court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. Tex.R.App.P. 43.2(b), 43.6; *Banks v. State*, 708

17

S.W.2d 460, 462 (Tex.Crim.App. 1986).  Appellant argues that if this Court does not overturn the conviction in Failure to Identify that this Court at a minimum reform the judgments to not reflect confinement.

## PRAYER FOR RELIEF

Wherefore, premises considered, Appellant respectfully prays that his conviction in the above entitled and numbered cause be reversed and acquit him. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,

_____*/s/ Jason A. Duff*_____
Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX  75403-0011
jasonaduff@hotmail.com
Attorney for the Appellant

19

**CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 2,27 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.


_____**/s/ Jason A. Duff**_____
Jason A. Duff
Attorney for the Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Collin County District Attorney's Office, on this the 20th day of January, 2015 and to the Court of Appeals in Texarkana via , by electronic delivery.

_____/s/ Jason A. Duff_____
Jason A. Duff
Attorney for the Appellant