**Luther Napoleon YORK, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–267–CR.**

Court of Appeals of Texas,
Fort Worth.

July 15, 1992.

Rehearing Overruled Aug. 25, 1992.

Earl Griffin Jr., Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, John A. Stride, Joetta Keene and Elizabeth Berry, Assts., Fort Worth, for State.

Before HILL, FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Luther Napoleon York, Jr. who was charged with the crime of assault. TEX.PENAL CODE ANN. § 22.-01(a)(1) (Vernon 1989). The court found York guilty of the offense charged and assessed punishment at thirty days confinement in the Tarrant County Jail plus a $300.00 fine.

On appeal, York asserts in his two points of error that the trial court erred in: (1) finding beyond a reasonable doubt that his conduct caused "bodily injury" to the complainant, Jane Elizabeth Good; and (2) finding beyond a reasonable doubt that his conduct "intentionally, knowingly or recklessly caused bodily injury" to Good.

We affirm.

### Appellant's Points of Error

■ In his two points of error, as outlined *supra,* York maintains that it was error for the trial court to find beyond a reasonable doubt that his choking of Good caused "bodily injury" or that his conduct "intentionally, knowingly or recklessly caused bodily injury." In essence, York is arguing that there was insufficient evidence for the trial court to find beyond a reasonable doubt that he intentionally, knowingly, or recklessly caused bodily injury. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204

736

(1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

■ The Texas Penal Code states that "'[b]odily injury' means physical pain, illness, or any impairment of physical condition." TEX.PENAL CODE ANN. § 1.07(a)(7) (Vernon 1974). This definition is purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching. *Lane v. State,* 763 S.W.2d 785, 786 (Tex.Crim.App.1989).

■ In the present case, York choked Good for a period of one to ten seconds, cutting off her breath and causing her to believe that she was about to pass out. Good also testified that she was "scared to death" by the assault. We hold that Good did suffer an identifiable impairment of her physical condition when York's actions restricted Good's breathing, causing her to believe that she was about to pass out; therefore, the trial court had sufficient evidence to find beyond a reasonable doubt that York caused bodily injury to Good. York's first point of error is overruled.

■ Second, York contends that the trial court erred in finding that his conduct "intentionally, knowingly or recklessly caused bodily injury." In the instant case, the charging instrument alleged that York "INTENTIONALLY AND KNOWINGLY CAUSE[D] BODILY INJURY TO JANE GOODE (sic)." Thus, this conviction can be sustained if evidence exists in the record that York's actions were voluntary. *Shugart v. State,* 796 S.W.2d 288, 292 (Tex. App.—Beaumont 1990, pet. ref'd). Additionally, intent can be inferred from the acts, words, and conduct of the accused. *Dues v. State,* 634 S.W.2d 304, 305 (Tex. Crim.App. [Panel Op.] 1982). There has been no evidence pointed out by York which suggests that his actions were accidental or involuntary; therefore, based upon the testimony of Good, we hold that the trial court could have properly inferred that York "intentionally and knowingly

caused bodily injury." *See Shugart,* 796 S.W.2d at 292–93. York's second point of error is overruled.

The judgment of the trial court is affirmed.