**AFFIRMED; and Opinion Filed July 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00441-CR

**CHRISTOPHER M. DUNLOP, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-82462-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang
Opinion by Justice Lang

Christopher M. Dunlop appeals his conviction for misdemeanor assault involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011); TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006). After a jury found Dunlop guilty, the trial court made an affirmative finding of family violence, assessed punishment at one year confinement, suspended confinement, and placed Dunlop on community supervision for two years. In two issues, Dunlop argues (1) a fatal variance exists between the manner and means alleged in the indictment and the injury proved at trial, and (2) because this fatal variance exists, the evidence is insufficient to support the conviction of misdemeanor assault involving family violence. We decide against Dunlop on both issues. We affirm the trial court's judgment.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

Dunlop was charged by indictment with the third-degree felony offense of assault involving family violence.  *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B).  The indictment states that on or about July 11, 2012, Dunlop did

> then and there intentionally, knowingly, and recklessly cause bodily injury to Laura Free, a member of the defendant's family, member of the defendant's household, and person with who defendant had and has had a dating relationship, by intentionally, knowingly, and recklessly impeding the normal breathing and circulation of the blood of the said Laura Free by applying pressure to the throat and neck of said Laura Free.

According to the record, at approximately 3:00 a.m. on July 11, 2012, Officers David Thornsby and Kevin Gendron, of the Plano Police Department, were dispatched to the home of Dunlop and Laura Free, Dunlop's girlfriend, in response to a 911 call placed by Free's daughter. After the officers arrived, Thornsby spoke with Free and her daughter.  He testified that they seemed "very frightened," "very, very upset," "very scared," and "were crying."  Both women described to Thornsby what had happened and voluntarily gave written witness statements. Thornsby testified that the statements made by Free and her daughter "were matching."  He also stated that Free complained of pain to her "head and neck area."  According to Free's witness statement from July 11, 2012, which was admitted into evidence, after she refused to go to bed at Dunlop's request, Dunlop "grabbed [her] by the back of the hair and yanked [her] head backward ripping out a fistful of [her] hair.  He put his hands around [her] neck and squeezed but [she] could still breathe it was just a bit harder.  He then told [her] he should just snap [her] neck."

At trial, Free recanted and stated that she had lied to the police on July 11, 2012.  She testified that she had been the aggressor and Dunlop had never placed his hands on her throat or neck. Free stated that Dunlop did pull her hair, but he did so in a "sexual way," and "if it hurt, it was a pain that [she] wanted."

–2–

Following a plea of not guilty, the jury found Dunlop guilty of the lesser included offense of misdemeanor assault. The trial court made an affirmative finding of family violence, assessed punishment at one year confinement, suspended confinement, and placed Dunlop on community supervision for two years.

## II. LEGAL SUFFICIENCY & FATAL VARIANCE

In two issues, Dunlop argues that the evidence adduced at trial supports a conviction for misdemeanor assault only by means of pulling Free's hair, whereas the indictment alleges assault by means of "applying pressure to the throat and neck of [Free]." Therefore, Dunlop argues a fatal variance exists and renders the evidence insufficient to support the verdict. The State responds that no variance exists because the evidence is sufficient to support "the lesser injury alleged in the indictment, specifically, injury to the victim's neck."

### A. Standard of Review

In determining the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt." *Dobbs*, 434 S.W.3d at 170 (citing *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013). The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses. *Id.* As such, the jury "can choose to believe all, some, or none of the testimony presented by the parties." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). "When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination." *Dobbs*, 434 S.W.3d at 170.

A "variance" occurs when there is a discrepancy between the allegations in the indictment and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). When reviewing a variance claim, the "'sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.'" *Id.* at 253 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). This charge "'would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* at 253 (emphasis omitted) (quoting *Malik*, 953 S.W.2d at 240). To render the evidence insufficient to support the verdict, the variance must be "fatal," meaning "it is material and prejudices [the defendant's] substantial rights." *Id.* at 256–57.

### B. Applicable Law

A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1). "'Bodily injury' means physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8); *see also Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) ("This definition [of bodily injury] appears to be purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching.").

### C. Application of the Law to the Facts

Dunlop argues that because "the only uncontroverted testimony regarding an assault" was that Dunlop pulled Free's hair, the evidence is insufficient to support his conviction for assault by the means alleged in the indictment, "applying pressure to the throat and neck of [Free]." However, the testimony concerning pulling Free's hair was not the only evidence offered at trial.

–4–

According to Free's witness statement from July 11, 2012, which was admitted into evidence without objection, Dunlop "put his hands around [her] neck and squeezed but [she] could still breathe it was just a bit harder. He then told [her] he should just snap [her] neck." Thornsby testified that he spoke with Free and her daughter after the incident, and that both women gave "matching" accounts of the events that day. He also stated that both women seemed "frightened," "upset," and "scared" and that Free had complained of pain to her "head and neck area." *See Lane*, 763 S.W.2d at 786; *York v. State*, 833 S.W.2d 734, 736 (Tex. App.—Fort Worth 1992, no pet.) (concluding evidence was sufficient to support assault conviction when the record showed appellant "choked" complainant, which restricted her breathing and "scared [her] to death," and no evidence suggested appellant's actions were accidental or involuntary).

Although Free recanted at trial and stated she had lied to the police on July 11, 2012, the jury observed Free's demeanor and was entitled not only to reconcile any conflicts, but also to disbelieve her recantation. *See Chambers*, 805 S.W.2d at 461; *Michael v. State*, No. 05-12-00895-CR, 2013 WL 1729280, at *1–2 (Tex. App.—Dallas Apr. 22, 2013, no pet.) (mem. op., not designated for publication) (concluding evidence was sufficient to support appellant's conviction for assault of his wife when wife's recantation at trial conflicted with officer's testimony and wife's statements immediately following the assault). Contrary to Dunlop's argument on appeal, the evidence need not be uncontroverted to support his conviction. In fact, when the record supports conflicting inferences, we are required to presume that the jury resolved the conflicts in favor of the verdict and defer to that determination. *See Dobbs*, 434 S.W.3d at 170; *Chambers*, 805 S.W.2d at 461.

Viewing the evidence in the light most favorable to the jury's verdict of guilty, we conclude any rational trier of fact could have found beyond a reasonable doubt that Dunlop

"intentionally, knowingly, or recklessly cause[d] bodily injury" to Free "by applying pressure to [her] throat and neck," as alleged in the indictment. *See* TEX. PENAL CODE ANN. § 22.01(a)(1); *Chambers*, 805 S.W.2d at 461; *Michael*, 2013 WL 1729280, at *1–2; *York*, 833 S.W.2d at 736. Because we have concluded the evidence adduced at trial was sufficient to support Dunlop's conviction for misdemeanor assault family violence based on the manner and means alleged in the indictment, we also conclude there is no variance between the facts alleged in the indictment and the proof offered at trial. *See Gollihar*, 46 S.W.3d at 246; *Mitchell v. State*, No. 05-12-00211-CR, 2013 WL 3771374, at *5–7 (Tex. App.—Dallas July 16, 2013, pet. ref'd) (not designated for publication) (concluding the evidence was sufficient to support the jury's finding of sexual assault as alleged in the indictment, so there was no variance, despite the fact that the State's evidence also related to another means by which appellant may have assaulted the complainant). We decide against Dunlop on both issues.

## III.  CONCLUSION

We affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140441F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER M. DUNLOP, Appellant

No. 05-14-00441-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-82462-2012.
Opinion delivered by Justice Lang. Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of July, 2015.