

NUMBER 13-18-00419-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**GEORGE RICHARD HOSEY SR.,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                           **Appellee.**

**On appeal from the 24th District Court
of Goliad County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant George Richard Hosey Sr. was convicted of assault on a public servant, a third-degree felony, and retaliation, a third-degree felony, and was sentenced to twenty years in prison and a $10,000 fine for each count. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(1), 36.06(a)(1)(A). Hosey argues on appeal that his sentence is cruel and

unusual and that the evidence presented at trial is insufficient to sustain his retaliation conviction. We affirm.

## I. BACKGROUND

On February 15, 2017, Hosey was tried for assaulting a public officer in a separate case. *See id*. § 22.01(b)(1). According to Goliad County Sheriff's Deputy Vernon Busby, as the verdict was being read, Hosey became visibly angry and shouted profanity at the jury and judge. At the same time, Hosey removed articles of his clothing, including his jacket, tie, shirt, and belt. The judge ordered Hosey to put his clothes back on and to sit down for the reading of the verdict. Once more, Hosey shouted at the jury and judge, and displayed hostile hand gestures towards the bailiffs. Hosey yelled to the bailiffs, "Come on. Today is the day I die."

After making that declaration, Hosey jumped on top of the tables in the direction of the judge's bench. Hosey then jumped towards Goliad County Sheriff's Sergeant Randy Dvorak, who had a taser gun in his hand. Dvorak fired his taser at Hosey, and Hosey fell to the ground. Hosey flailed his arms and legs as the bailiffs tried to restrain him. During the altercation, Busby sustained injuries from Hosey's body movement.

As a result of the altercation at his 2017 trial, Hosey was indicted for the offenses of retaliation (count 1) and assault on a public servant (count 2). *See id*. §§ 22.01(b)(1), 36.06(a)(1)(A). On July 9, 2018, Hosey pleaded not guilty to both counts. During trial, Hosey's counsel filed a motion for directed verdict arguing that the testimony of Busby was insufficient to prove that Hosey retaliated against a public servant. The trial court denied the motion. On July 12, 2018, the jury found Hosey guilty on both counts. Hosey's sentence was enhanced because of his two prior felony convictions. For each count,

Hosey received a sentence of twenty years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. *See id*. § 12.33. The trial court ordered the sentences to run consecutively and to begin after the completion of Hosey's current sentence for assaulting a public servant. *See* TEX. CODE CRIM. PROC. ANN. art. § 42.08(a). During sentencing, Hosey's counsel objected to the sentence and argued it constituted cruel and unusual punishment; the trial court overruled his objection. This appeal followed.

## II. LEGAL SUFFICIENCY

In his second issue, which we address first, Hosey argues that the evidence was legally insufficient to support his retaliation conviction.

### A. Standard of Review and Applicable Law

When reviewing the legal sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (emphasis in original); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The duty of the factfinder is to make judgment based on the facts, the credibility of the witnesses, and the weight given to the testimony. *See Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008); *Bargas v. State*, 252 S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("The jury may choose to believe or disbelieve any portion of the witnesses' testimony."). It is not the duty of the appellate court to reevaluate the evidence made at the trial level and substitute the verdict given by the trier of fact. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc). Rather, the duty of the appellate court is to

3

evaluate whether the trier of fact made a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc); *Harris v. State*, 164 S.W.3d 775, 784 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Furthermore, the appellate court gives deference to the trier of fact's evaluation of the credibility and weight of the evidence and its resolution of conflicting inferences. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778; *see Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge and authorized in the indictment. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc). Such a charge in this case would state that an individual commits retaliation if the actor intentionally or knowingly harms or threatens to harm another person by an unlawful act in retaliation for or on the account of that person's service as a public servant. *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(A). Harm is defined as "anything reasonably regarded as loss, disadvantage, or injury." *Id*. § 1.07(a)(25). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *Id*. § 1.07(a)(8). The definitions for harm and bodily injury are broad enough to "encompass even minor physical contacts as long as they constitute more than offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) (en banc); *York v. State*, 833 S.W.2d 734, 736 (Tex. App.—Fort Worth 1992, no pet.).

## B. Analysis

Hosey contends that there was no evidence that his actions against Busby were because of Busby's service as a public servant, and therefore his acts cannot constitute retaliation. Hosey argues that it was a fit of rage that caused him to act in the manner that resulted in Busby's injuries. However, the intentional or knowing harm or threat to a

4

public servant does not have to be retaliation for past duties already performed. *Wright v. State*, 979 S.W.2d 868, 869 (Tex. App.—Beaumont 1998, pet. ref'd). Rather, the offense of retaliation can be seen as result-oriented, where the focus is on the actor's conduct and whether "the accused engage[d] in action, regardless of what the action may have been, with the intent to harm and prevent or delay another as a public servant." *Herrera v. State*, 915 S.W.2d 94, 98 (Tex. App.—San Antonio 1996, no pet.). Retaliatory intent can be inferred based on the actor's words, acts, and conduct. *Brock v. State*, 495 S.W.3d 1, 16 (Tex. App.—Waco 2016, pet. ref'd).

Busby testified that, as the verdict was being read, Hosey displayed erratic behavior such as removing articles of his clothing, shouting profanity at the jury and judge, using hand gestures that invited confrontation, jumping on a table and then at the bailiff, kicking the bailiff's taser from his hand, and flailing his arms and legs as the bailiffs tried to restrain him. We do not find any issue with Busby's testimony that would necessarily raise a reasonable doubt to the trier of fact. *See Jackson*, 443 U.S. at 318–19. It is presumed the trier of fact resolved any conflict in favor of the verdict. *See id*. During trial, it is the province of the trier of fact to evaluate the credibility of Busby's testimony about how the chain of events occurred. *See Bargas*, 252 S.W.3d at 887.

Busby also testified that he sustained injuries from the altercation with Hosey, including a scratch on his left hand, a contusion on his left shoulder, and a cervical sprain on his lower neck. Because Busby, at the time of the outburst, was performing his official duties as a bailiff—maintaining order in the court—the factfinder could reasonably infer that Hosey had the intent to harm a public servant. *See Jackson*, 443 U.S. at 318-19. Additionally, based on Hosey's acts, words, and conduct when the verdict was read, the

5

trier of fact could have reasonably inferred his actions were retributive to the verdict. *See Brock*, 495 S.W.3d at 16. The jury could reasonably conclude that Hosey's retributive intent was formed contemporaneously with Busby's discharge of his official duties as a bailiff. *See Wright*, 979 S.W.2d at 869. Therefore, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of retaliation beyond a reasonable doubt. *See Clayton*, 235 S.W.3d at 778. We overrule Hosey's second issue.

### III. CRUEL AND UNUSUAL PUNISHMENT

In his first issue, Hosey asserts that the sentence imposed by the trial court was cruel and unusual and disproportionate to the seriousness of the offenses committed. *See* U.S. CONST. amend. VIII.

### A. Standard of Review and Applicable Law

A sentence which falls within the limits prescribed by a valid statute is presumed not to be excessive, cruel, or unusual. *See Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd). However, to avoid being cruel and unusual, the Eighth Amendment of the United States Constitution also requires that a criminal sentence be proportionate to the crime which was committed. *See* U.S. CONST. amend. VIII.; *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). In analyzing a proportionality challenge, courts consider: (1) the gravity of the offense and the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed for the commission of the same crime in other jurisdictions. *Harmelin v. Michigan*, 501 U.S. 957, 1004–06 (1991) (plurality op.); *State v. Stewart*, 282 S.W.3d 729, 736 (Tex. App.—Austin 2009, no pet.).

6

**B. Analysis**

Hosey timely objected to his sentence as cruel and unusual punishment. *See* Tex. R. App. P. 33.1(a). Hosey argues on appeal that stacking his sentence of twenty years in prison on to his previous conviction of assault on a public servant constitutes cruel and unusual punishment.

The sentence Hosey received was neither disproportionate nor excessive. Prior to Hosey's current conviction of retaliation and assault on a public servant, he had committed multiple crimes in the past, including burglary of a vehicle, striking a game warden, absconding from his probation, and assaulting medical service personnel. Furthermore, the conduct he displayed on February 15, 2017 marks the third time Hosey has assaulted a public servant. Based on his prior felony convictions and conduct on February 15, 2017, removing his clothing, challenging the bailiffs to fight, and jumping towards a bailiff, the penalty of twenty years in prison and $10,000 fine for each count Hosey was convicted fits the gravity of the offense he committed. *See Stewart*, 282 S.W.3d at 736. There is no evidence in the record as to the second and third *Harmelin* factors.

The charges for retaliation and assault on a public servant were both second-degree felonies, because they were enhanced due to Hosey's past felony convictions. *See* Tex. Penal Code Ann. §§ 36.01(c), 22.01(b)(1), 12.42(a). The maximum sentence for a felony in the second degree in Texas is twenty years and a fine cannot exceed $10,000. *See id.* § 12.33; *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). Hosey's sentence for each count was within the statutory limit the Texas Penal Code sets

out for a second-degree felony.  *See Trevino*, 174 S.W.3d at 928.  Therefore, we overrule his first issue.

## IV. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
20th day of June, 2019.